Rodríguez de Oronoz, Jueza Ponente
TEXTO COMPLETO DE LA SENTENCIA
La parte apelante solicita de este tribunal la revisión de la sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 7 de octubre de 1997 y archivada en autos el 9 de octubre de 1997. En esta sentencia el tribunal a quo desestimó con perjuicio la demanda presentada debido a que la parte demandante no cumplió con la orden de prestar la fianza requerida a un litigante no-residente dentro del término de noventa (90) días, ello en virtud de la Regla 69.5 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III (en adelante Regla 69.5). Contra la sentencia la parte apelante interpuso el 15 de octubre de 1997 una solicitud de reconsideración y una moción solicitando determinaciones adicionales de hechos y conclusiones de derecho. Esta solicitud fue denegada por el tribunal de instancia el 22 de octubre de 1997., Al acudir ante nos el 4 de noviembre de 1997, la demandante-apelante sostiene que el tribunal erró al desestimar la demanda presentada.
I
Veamos los hechos procesales relevantes. En enero de 1997 la apelante presentó una acción de derechos civiles por destitución ilegal de un empleo público. Al exponer su causa de acción, la demandante alegó que luego de su despido había tenido que emigrar al estado de la Florida en los Estados Unidos para resolver su problema de desempleo y que podría "trasladar" su causa de acción a la jurisdicción federal.
El 10 de abril de 1997 los demandados contestaron la demanda. Además, solicitaron la paralización del proceso hasta tanto la demandante prestara la fianza de no residente que dispone la Regla 69.5. El 18 de abril de 1997 la demandante informó al tribunal que gestionaba la presentación de su causa de acción en el foro federal y solicitó un término de veinte (20) días para consumar dicho trámite. El 2 de mayo de 1997 el tribunal concedió la prórroga solicitada. El 23 de mayo de 1997 los demandados reiteraron su solicitud de paralización de los procedimientos hasta tanto la demandante prestara la fianza requerida por la Regla 69.5. El 27 de mayo de 1997 la demandante reiteró su decisión de continuar el trámite del caso en la jurisdicción federal explicando en su escrito que gestionaba la contratación de un abogado que postulara en el foro federal. Solicitó a la vez una prórroga de una semana para formalizar dichas gestiones.
El 3 de junio de 1997 el tribunal emitió una resolución en la que fijó a la demandante una fianza de $2,500.00 como no residente, y ordenó que la misma se prestase en el término de noventa (90) días, conforme la Regla 69.5. El tribunal, además, ordenó la paralización de todo procedimiento en el pleito hasta la prestación de la fianza.
El 3 de septiembre de 1997 la demandante informó al tribunal que su estado de insolvencia le hacía difícil financiar los gastos extraordinarios de la litigación estatal o federal. A la vez, solicitó una prórroga de quince (15) días para tomar la decisión sobre si proseguir el caso en el tribunal federal o solicitar una exoneración de la fianza basada en indigencia. El 8 de septiembre de 1997 el tribunal denegó la prórroga solicitada.
El 26 de septiembre de 1997 la demandante solicitó el desistimiento sin perjuicio del pleito en virtud *725 de su decisión de acudir al foro federal para el trámite de su caso. El 30 de septiembre de 1997 el tribunal ordenó a los demandados expresarse en relación a la solicitud de desistimiento. El 3 de octubre de 1997 los demandados presentaron su oposición al desistimiento sin perjuicio.
Así las cosas, el 7 de octubre de 1997, el tribunal denegó la solicitud de desistimiento sin perjuicio. Expresó lo siguiente:

"Declaramos no ha lugar la solicitud de desistimiento sin perjuicio bajo las condiciones actuales del caso, ya que al momento de su formulación había expirado el término dispuesto en la Regla 69.5 de Procedimiento Civil."

Ese mismo día, 7 de octubre de 1997, el tribunal emitió sentencia desestimando la demanda incoada, fundamentada la desestimación en que la demandante no había cumplido con la orden de 3 de junio de 1997 que le requirió la prestación de la fianza de no residente. Expresó el tribunal lo siguiente:

"Conforme a las disposiciones de la Regla 69.5 de Procedimiento Civil disponemos el archivo del pelito [sicj.

La parte demandante no cumplió la orden de 3 de junio de 1997 que le requerió [sicj la prestación de una fianza de no residente. La misma le fue notificada el día 5 de igual mes y año. Habiendo transcurrido al día de hoy más de noventa (90) días procede la desestimación."

II
La cuestión fundamental a resolver en este caso es si el trámite seguido en el foro de instancia ameritaba la sanción excesiva y drástica de la desestimación, con el efecto de una adjudicación en los méritos. Veamos.
La Regla 69.5 dispone lo siguiente:

"Cuando el demandante residiere fuera de Puerto Rico o fuere una corporación extranjera, se le requerirá para que preste fianza para garantizar las costas, gastos y honorarios de abogados en que pudiere ser condenado. Todo procedimiento en el pleito se suspenderá hasta que se preste la fianza, que no será menor de mil (1,000) dólares. El tribunal podrá ordenar que se preste fianza adicional si se demostrare que la fianza original no es garantía suficiente, y se suspenderán los procedimientos en el pleito hasta que se hubiere prestado dicha fianza adicional.

Transcurridos noventa (90) días desde la notificación de la orden del tribunal para la prestación de la fianza o de la fianza adicional, sin que la misma se hubiere prestado, el tribunal ordenará la desestimación del pleito."

A fin de cumplir con esta regla, una persona física o corporativa que no resida en Puerto Rico que presente una demanda ante los tribunales del Estado Libre Asociado de Puerto Rico tiene la obligación de prestar fianza para garantizar al demandado las costas y honorarios de abogado en que pudiera ser condenado ese demandado que no reside en Puerto Rico. La regla dispone un plazo de noventa (90) días desde la notificación de la orden del tribunal para la prestación de la fianza. De no prestarse la fianza, el tribunal deberá ordenar la desestimación del pleito.
En casos en que se ordena la prestación de fianza de no residente y se incumple la orden judicial a esos efectos, la desestimación prevista por la Regla 69.5 no opera de forma tal que neutraliza la discreción judicial para lograr un balance equitativo entre los intereses en conflicto. Después de todo:
"Al interpretar las Reglas de Procedimiento Civil hay que tener presente, como principio rector, que éstas no tienen vida propia, sólo existen para viabilizar la consecución del derecho sustantivo de las partes. Para lograr impartir justicia al resolver los reclamos de las partes, el tribunal debe hacer un balance equitativo entre los intereses en conflicto ejerciendo especial cuidado al interpretar las reglas procesales para que éstas garanticen una solución justa, rápida y económica de la controversia." Dávila v. Hosp. San Miguel, Inc., 117 D.P.R. 807, 816 (1986).
*726 La desestimación de un pleito, inclusive aquella permitida por la Regla 69.5, debe regirse por las disposiciones de la Regla 39 de Procedimiento Civil, que regula el desistimiento y la desestimación de los pleitos. Esta regla faculta al tribunal a decretar la desestimación de un pleito cuando el demandante deja de cumplir con las reglas procesales civiles o con cualquier orden del tribunal. Véase Regla 39.2. Por disposición expresa, esta desestimación tiene el efecto de una adjudicación en los méritos, salvo las excepciones reconocidas.
Debido a que la desestimación de un pleito es la más fatal de las medidas que puede decretar un tribunal, ya que priva a un litigante de su día en corte, el Tribunal Supremo ha advertido que no debe favorecerse como primera alternativa cuando un demandante deja de cumplir con las reglas procesales civiles o con cualquier orden dictada por el tribunal.
En cuanto a este extremo nuestro más alto foro ha expresado que: "[l]a desestimación de un pleito sin ir a sus méritos como un medio de sanción, debe ser de los últimos recursos a utilizarse después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia y, en todo caso, no debería procederse a ella sin un previo apercibimiento." Ramírez de Arellano v. Srio. de Hacienda, 85 D.P.R. 823 (1962). Así, la desestimación es una sanción drástica que solamente debe hacerse en casos tan extremos que no haya duda de la irresponsabilidad y contumacia de la parte contra quien se toman las medidas drásticas. Acevedo v. Compañía Telefónica de Puerto Rico, 102 D.P.R. 787 (1974).
La trayectoria de la jurisprudencia apuntala la preferencia de la sanción económica como primera alternativa. Procede contra el abogado de la parte si se demuestra que éste es el responsable de la dejadez procesal. Véase José Cuevas Segarra, Práctica Procesal Puertorriqueña: Procedimiento Civil, San Juan, Publicaciones J.T.S., 1985, Vol. II, Cap. V, pág. 205.
III
Luego de considerar los hechos específicos de este caso, a la luz de las reglas y doctrinas que hemos reseñado, resolvemos que no se plantea una situación que amerite la sanción drástica de la desestimación. Como sabemos, ello tendría el efecto de una adjudicación en los méritos y, como pleito adjudicado, podría ser invocado en un segundo pleito como cosa juzgada.
Surge de los autos que con anterioridad a la orden de prestación de fianza la demandante había informado al tribunal que deseaba tramitar su acción en la jurisdicción federal. Véase mociones de la demandante de 18 de abril y de 27 de mayo de 1997. Así, el tribunal de instancia estuvo plenamente advertido de la posibilidad de que la demandante desistiera del pleito en el foro local. De cristalizarse tal curso de acción, se convertía en académica la necesidad de garantizar las costas y honorarios de abogado en que pudiera ser condenada la parte demandante. Cualquier laxitud o demora del abogado de la parte demandante en escoger el foro para litigar su caso debió ser atendida conforme al mandato doctrinal vigente. Esto es, el tribunal debió, en primer término, imponer sanciones al abogado de la parte. Si ello no producía frutos positivos, el tribunal podía proceder a la imposición de la severa sanción de la desestimación de la demanda pero sólo después que la parte demandante hubiera sido debidamente informada y/o apercibida de la situación y de las consecuencias de no corregirla. Maldonado v. Srio. de Rec. Naturales, 113 D.P.R. 494 (1982); Dávila v. Hosp. San Miguel, Inc., supra.
Así se hubiese dado cumplimiento a la norma prevaleciente en nuestra jurisdicción de que las sanciones económicas se impondrán en primera instancia contra aquella parte que observa una conducta censurable bajo nuestro ordenamiento civil procesal. Esta "suavización" de la sanción, así como el postergar la imposición de sanciones drásticas y severas como último recurso al cual se deba acudir, responde a la política judicial imperante, por un lado, de que los casos se ventilen en sus méritos y, por otro lado, de que éstos se resuelvan de forma justa, rápida y económica". Amaro González, et als. v. First Federal Savings Bank, _ D.P.R. _ (1993), 93 J.T.S. 46.
No podemos olvidar, al enfrentar estas situaciones, que existe una política judicial de que los casos se ventilen en sus méritos. Rivera Santana v. otros v. Superior Packaging. Inc. y otros, _ D.P.R. _ (1992), 92 J.T.S. 165; Lluch v. España Service Sta., 117 D.P.R. 729 (1986); Garriga Gordils v. Maldonado Colón, 109 D.P.R. 817 (1980); Coll v. Picó, 82 D.P.R. 27 (1960).
*727 Resulta evidente, pues, que el tribunal sentenciador debió, en primer término, imponer las sanciones económicas que entendiese procedentes. La desestimación del pleito fue un severo castigo a la parte que no se justificaba.
Resolvemos, por último, que el tribunal de instancia incidió al denegar la moción de desistimiento a la parte demandante. El tribunal entendió que la demandante sólo podía formular el desistimiento dentro del término de noventa (90) días dispuesto por la Regla 69.5. No obstante, la disposición que regularía el desistimiento de este pleito, la Regla 39.1(b) de Procedimiento Civil, no alude a término alguno, quedando tal decisión sólo al arbitrio del juez "bajo los términos y condiciones que éste estime procedente". Es evidente que el foro sentenciador tenía facultad para conceder el desistimiento solicitado, aún transcurrido el plazo dispuesto por la Regla 69.5.
En este caso, la parte demandante mantuvo al tribunal informado de sus gestiones para litigar su causa de acción en el tribunal federal. La solicitud de desistimiento se fundamenta precisamente en este hecho, a saber, en la presentación del caso en dicho foro. No hemos encontrado motivo alguno para que el tribunal denegara el desistimiento sin perjuicio solicitado.
IV
En atención a los fundamentos antes expuestos, se revoca la sentencia apelada y se dicta sentencia ordenando el desistimiento del pleito, sin perjuicio, según solicitado por la demandante.
Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General