JACOBO ACEVEDO CABRERA Y OTRO, demandantes y apelados, *v.* COMPAÑÍA TELEFÓNICA DE PUERTO RICO, demandada y apelante.

*Número:* O-74-274      *Resuelto:* 12 de noviembre de 1974

*Nelson Martínez Acosta,* abogado de la demandada.

PER CURIAM: La Regla 37.2 de las de Procedimiento Civil faculta a un tribunal a imponer las sanciones que fueren justas en relación con ciertas actuaciones de las partes que en alguna forma entorpezcan los propósitos de la conferencia con antelación al juicio. Dicha regla dispone lo siguiente:

"Si una parte dejare de comparecer, se negare a participar o compareciere sin estar debidamente preparada a una conferencia preliminar al juicio, el tribunal podrá desestimar la demanda, eliminar las alegaciones del demandado, condenar al pago de costas y honorarios de abogado o dictar cualquiera otra orden que fuere justa." 32 L.P.R.A. Ap. II, R. 37.2.

En el caso de autos el tribunal de instancia, a tenor con lo dispuesto en la regla precedentemente citada, dictó una resolución eliminando todas las alegaciones de la contestación presentada por la demandada en las que se niegue responsabilidad en cuanto a los daños reclamádosle en la demanda. En su consecuencia señaló una vista para la discusión de la cuan-

tía de los daños, cuya vista .no se señaló para una fecha cercana, si es que se quería aligerar los procedimientos, sino que se señaló para celebrarse ocho meses después.

La actuación de la demandada que dio pie a las sanciones aludidas consistió en no haber comparecido ésta ni su abogado a la conferencia con antelación al juicio a pesar de habérsele notificado el señalamiento al abogado con casi cuatro meses de antelación. La conferencia con antelación al juicio estaba señalada para el 7 de mayo de 1974. Surge de los autos que en 29 de abril de 1974 compareció mediante moción el abogado de récord de la demandada junto al abogado que habría de sustituírle, en la que notificaban al tribunal que el segundo asumía la representación legal de la demandada que el primero renunciaba, cuyo escrito aparece radicado en el tribunal de instancia en 3 de mayo siguiente, o sea, cuatro días antes de la conferencia. No se solicitó en el referido escrito la suspensión de la conferencia con antelación al juicio pero sí se pidió al tribunal que le concediera a la nueva representación legal "un término razonable para continuar la tramitación del caso." Llegado el día de la conferencia no compareció la parte demandada ni su representación legal pero el juez de instancia hizo constar que obraba en autos una moción notificando el cambio de representación. En vista de tal incomparecencia el demandante pidió en corte abierta que se eliminaran las alegaciones contenidas en la contestación de la demandada, procediendo el tribunal a eliminar todas aquellas en que se negaba responsabilidad hacia el demandante.

Posteriormente, la nueva representación legal de la demandada acudió al tribunal solicitando reconsideración del dictamen. Alegó que en la misma fecha en que asumió la representación en este caso, asumió además la representación de innumerables casos de la demandada que habían estado a cargo del anterior abogado, y que por ello había solicitado en la moción en que se notificaba el cambio de abogado que se le concediera un término razonable para continuar con

la tramitación del caso. Manifiesta que dentro de las circunstancias le era sumamente oneroso el defender adecuadamente los mejores intereses de su cliente. Aducía además que el señalamiento de la conferencia con antelación al juicio no aparecía anotado en el calendario de la anterior representación profesional. En su consecuencia suplicaba el abogado actual que se dejara sin efecto la resolución del 7 de mayo que imponía las sanciones aludidas y se procediera a señalar la conferencia con antelación al juicio "para una fecha futura cercana". La reconsideración fue declarada sin lugar. Contra esa determinación se recurre ante nos.

■ La cuestión a resolver es si a la luz de los hechos expuestos, el tribunal actuó justamente al imponer las sanciones a la parte demandada. Se trata de una demanda en relación con un accidente de automóvil en la que se reclaman daños por la suma de $226,000.00. La exposición a una sentencia cuantiosa se desprende de la faz de la demanda aunque en última instancia no imperare la parte reclamante. La conducta de los abogados envueltos, tanto el anterior como el actual, fue descuidada. El anterior abogado ni siquiera había anotado el señalamiento en su calendario a pesar de haber sido notificado con cuatro meses de antelación. Evidentemente, al hacer el traspaso de los expedientes de los casos de la demandada al nuevo abogado el anterior abogado no le informó debidamente a aquél el estado de los procedimientos, de este caso, constituyendo su omisión una falta a su deber profesional. Este sabía desde el 1ro. de abril que habría de renunciar la representación de su cliente. El nuevo abogado al asumir la obligación de representar al cliente tampoco parece haber examinado el expediente de este caso a los fines de determinar por sí mismo la naturaleza del compromiso que adquiría y orientar sus actuaciones con la debida responsabilidad. Ambos abogados hubieran actuado responsablemente compareciendo al tribunal en la fecha del señalamiento a explicar las circunstancias existentes que les impedían estar

preparados para el acto al que se había citado. La mera radicación de un escrito de cambio de representación unos días antes de un señalamiento en el que no se exponían otras razones que no fueran el cambio de representación, no excusa la incomparecencia personal de los abogados a la vista.

■ Los abogados están comprometidos con sus clientes a desplegar el mayor celo, cuidado y diligencia en la atención de los asuntos que se les han encomendado respondiéndole así a la confianza en ellos depositada. Véase Canon 18 de los de Ética Profesional, 4 L.P.R.A., Ap. IX, C. 18. Deben además a las cortes el respeto a las órdenes que les son dirigidas en la consecución de los pleitos, exigiéndose de ellos asistencia puntual y el despliegue de todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en la tramitación y solución de los casos. Véase Canon 12 de los de Ética Professional, 4 L.P.R.A. Ap. IX, C. 12. Su comportamiento no debe ser otro que el fiel cumplimiento de la ley y el respeto al poder judicial.

■ En las circunstancias explicadas y en vista de las claras disposiciones de la Regla 37.2 procede la imposición de sanciones a los abogados de la parte demandada por el incumplimiento de sus deberes profesionales. La sanción impuesta por el tribunal de instancia y confirmada por este tribunal al eliminar todas las alegaciones de la demandada priva a un litigante de su día en corte para establecer la legitimidad y el mérito de su defensa, lo cual solamente debe hacerse en casos tan extremos que no haya duda de la irresponsabilidad o contumacia de la parte contra quien se toman las medidas drásticas. En *Ramírez de Arellano* v. *Srio. de Hacienda*, 85 D.P.R. 823, 829 (1962), establecimos lo que creo es una justa norma al expresar:

"La desestimación de un pleito sin ir a sus méritos como un medio de sanción, debe ser de los úlimos recursos a utilizarse después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia y, en todo caso, no debería proce-

derse a ella sin un previo apercibimiento."

Debe sancionarse el descuidado proceder de las representaciones legales de la demandada en este caso. Pero no con el rigor implacable con que lo hizo el tribunal de instancia.

■ Ya este Tribunal se ha expresado en situaciones análogas en las que ha estimado no deben imponerse sanciones drásticas contra una parte cuando la conducta a censurarse es exclusivamente de parte de los abogados. Debe reiterarse lo que dijimos en *Ramírez de Arellano*, supra:

> "No insinuamos siquiera que la Sala de instancia no pudo haber impuesto alguna sanción en la situación de este caso. Con su facultad de aplicar correctivos apropiados, y de conducir los pleitos de la manera que a su buen discernimiento sea de mayor efectividad, no habremos de intervenir, ni sería aconsejable que interviniésemos. Sin embargo, no toda actitud o posición que asuma el abogado en el curso del trámite debe perjudicar de inmediato al ciudadano que litiga en el sentido de privarle de la adjudicación en los méritos de sus derechos. De ordinario la parte que ejercita su derecho en corte no está informada de los trámites rutinarios. Si bien es cierto que el abogado es su representante y que su gestión la obliga,—un litigante asume la responsabilidad de su selección y no podría escapar las consecuencias de la cosa juzgada, por ejemplo, porque su abogado no hizo los planteamientos propios,—en otros aspectos de la gestión, como el de autos, la responsabilidad primera hacia el tribunal, como su funcionario que es, es del abogado. De ahí que a distinción de otros mandatos y de otra gestión, el proceder del abogado esté revestido de interés público y quede bajo estricta fiscalización y acción disciplinaria del tribunal."

Véase *Ortiz Rivera* v. *Agostini*, 92 D.P.R. 187, 193–194 (1965); *cf. Díaz* v. *Tribunal Superior*, 93 D.P.R. 79 (1966).

Los tribunales deben velar por que se haga verdadera justicia a las partes y es misión de este Tribunal asegurarse que así sea, por ello estimamos que debe imponerse una sanción menos severa a la parte demandada.

Este caso no plantea una cuestión constitucional para justificar el recurso de apelación interpuesto. No obstante, *con-*

siderado el escrito de apelación como una solicitud de certiorari, y por las razones expresadas, se expedirá el auto solicitado, se dejará sin efecto la resolución dictada por el tribunal de instancia en 7 de mayo de 1974, y en su lugar se impondrá una condena contra los abogados de la parte demandada por la suma de $500.00 en concepto de honorarios de abogados.

El Juez Presidente, Señor Trías Monge, y el Juez Asociado, Señor Torres Rigual, disienten por creer que debe sostenerse la sanción impuesta por el tribunal de instancia eliminando las alegaciones de la demandada.