# 95 DTA 110

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL I DE SAN JUAN
PANEL IV**

RICHARD ALAN GONSALVES STERN
Demandante-Recurrido

v.

HEDY CATHERINE DIBBS
Demandada-Recurrente

Núm. KLCE-95-00283

San Juan, Puerto Rico, a 26 de mayo de 1995

Panel integrado por su presidenta, Juez Alfonso de Cumpiano
y los Jueces Broco Oliveras y Miranda De Hostos

Miranda De Hostos, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El día 24 de febrero de 1995 el Tribunal de Primera Instancia, Sala Superior de San Juan, emitió una resolución donde le eliminó a la demandada peticionaria Hedy Catherine Dibbs las alegaciones en una demanda sobre liquidación de sociedad legal de gananciales y en adición dispuso que no podría presentar prueba en la vista en su fondo, como parte de unas sanciones.

Inconforme con la resolución la peticionaria acude ante nuestra consideración mediante el presente recurso de *certiorari*, solicitando que se deje sin efecto la resolución y que se permita continuar con el procedimiento.

El día 11 de mayo de 1995 intimamos a la parte recurrida Richard Alan Gonsalves Stern, para que mostrara causa por lo cual no expidiéramos el auto de *certiorari* y revocaramos la resolución mencionada.

Evaluada la posición presentada por las partes y los documentos que obran en autos, se expide el auto de *certiorari* y contrario a lo intimado en nuestra orden, se confirma la resolución emitida por el tribunal de instancia por los siguientes fundamentos.

El tribunal de instancia al emitir la resolución hizo un detallado recuento del trámite que se ha llevado a cabo, desde la radicación de la demanda. De la misma surge que la peticionaria ha comparecido en algunos de los señalamientos dados por el tribunal de instancia. No obstante nos llama la atención los siguientes incidentes. Para el día 28 de septiembre de 1992 se señaló la primera conferencia sobre el estado del caso. La representación legal de la parte peticionaria no se reunió con la representación legal de la parte recurrida por lo cual el informe no se pudo presentar con su firma y el tribunal de instancia le impuso como sanción la cantidad de $50.00 dólares█ Las partes radicaron el día 25 de septiembre de 1993, el informe conjunto sobre conferencia preliminar. El tribunal de instancia una vez aprobó el mismo lo adoptó para regir los procedimientos y señaló la vista para los días 10 y 11 de junio de 1993.

Para el día 10 de junio de 1993, que era la fecha señalada para la vista en su fondo, la representación legal de la parte peticionaria el Lic. Edgardo L. Rivera Rivera solicitó mediante moción la renuncia de la representación legal. El tribunal de instancia acogió la moción y dejó sin efecto el señalamiento el mismo día de la de vista, transfiriéndola para los días 15 y 16 de febrero de 1994. El Lic. Carlos Vergne compareció ese día a la vista y el tribunal de instancia le concedió plazo de diez (10) días para informar si asumía la representación legal de la peticionaria y para presentar cualquier enmienda al informe. Esta orden no fue cumplida y el abogado mencionado no asumió la representación legal.

Previo al día señalado para la vista el 14 de febrero de 1994, la peticionaria radicó por derecho propio una moción solicitando nuevamente la suspensión del caso ya que no tenía

representación legal. El tribunal de instancia reseñaló la vista en su fondo para el día 29 de abril de 1994, es decir a casi dos (2) meses por motivo de que la peticionaria no tenía representación legal.

El día 25 de abril de 1994, a tres (3) días plazo de celebrarse la vista, compareció nuevamente la parte peticionaria al tribunal de instancia a solicitar una nueva suspensión y un período para descubrir prueba. Sobre la oposición de la parte recurrida, el tribunal le concedió lo solicitado y señaló una nueva conferencia con antelación a juicio para el día 20 de octubre de 1994. En esta ocasión el tribunal de instancia apercibió a las partes sobre la imposición de sanciones. El término concedido para cumplir ese trámite fue de seis (6) meses aproximadamente.

Transcurrido el tiempo, el día 5 de octubre de 1994, a quince (15) días plazo de la celebración de la vista la peticionaria vuelve a presentar una moción de suspensión alegando que no ha podido completar el descubrimiento de pruebas. La parte recurrida se opuso oportunamente a la misma. El día 17 de octubre de 1994, la parte recurrida presentó una moción con un informe donde hacía constar que la peticionaria no acudió a la reunión pautada entre abogados para la presentación del informe ni se excusó.

Llegado el día 20 de octubre de 1994, compareció al tribunal de instancia el Lic. Javier Morales, en representación de la peticionaria y la representación legal de la parte recurrida, luego de una reunión en cámara se reseñaló la conferencia para el día 29 de diciembre de 1994. El tribunal de instancia le concedió un plazo de dos (2) meses aproximadamente a la peticionaria para el descubrimiento de prueba y para rendir el informe enmendado. Ordenó que las partes se reunieran en una conferencia entre abogados el 2 de diciembre de 1994. Esta orden no fue cumplida por la parte peticionaria.██

Nuevamente la parte peticionaria el día 13 de diciembre de 1994 presenta una moción solicitando la posposición de la conferencia señalada para el 29 de diciembre 1994. El tribunal no acepta la posposición no obstante la peticionaria no compareció a la misma. El tribunal de instancia emitió una orden de mostrar causa por lo cual no debía imponerse una sanción de $500.00 dólares por su incomparecencia y señaló la conferencia para el día 8 de febrero de 1995. Le ordenó a los abogados de las partes que se reunieran con una semana de antelación para marcar e identificar la prueba documental y a su vez enmendar el informe de ser necesario██ Esta orden no fue cumplida por la parte peticionaria ya que no se reunió con la representación legal de la parte recurrida.██

Para la conferencia señalada el día 8 de febrero de 1995, a la 1:00 P.M. compareció la representación legal de la recurrida no así la de la peticionaria, la cual compareció sola. Luego del tribunal de instancia conceder un término de espera, la representación legal de la peticionaria mediante llamada telefónica informó que tenía problemas personales y que no podía comparecer. El tribunal de instancia reunido en cámara con la peticionaria y la representación legal de la recurrida, informó que emitiría una resolución por escrito la cual sería notificada a las partes.

De la situación de hechos claramente definida por el tribunal de instancia en su resolución así como de la posición de la recurrida en su mostración de causa, podemos concluir que la parte peticionaria en su carácter personal y sus representantes legales han incumplido reiteradamente con las órdenes emitidas por el tribunal de instancia en varias ocasiones. De una parte las renuncias de la representación legal de la peticionaria, dilataron el programa estructurado por el tribunal de instancia, para acelerar el procedimiento y de otra parte la peticionaria no cumplía con los términos dados por el tribunal de instancia para informar su nueva representación legal, aún cuando se le concedía un término razonable.

A los fines de resolver la controversia ante nuestra consideración analicemos el estado de derecho vigente sobre las sanciones y sus alcances frente a los hechos en el presente caso.

La Regla 37.3 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que si una parte dejare de comparecer a una conferencia con antelación al juicio o no cumpliera con las órdenes del tribunal, se le podrá imponer entre otras sanciones la eliminación de las alegaciones o desestimar la demanda. Sobre el particular y en un caso relacionado con la incomparecencia de un abogado a una conferencia con antelación a juicio, se expresó el Tribunal Supremo que *"[n]o deben imponerse sanciones drásticas contra una parte cuando la conducta a censurarse es exclusivamente de parte de los abogados." Acevedo v. Compañía Telefónica de P.R.,* 102 D.P.R. 787, 791 (1974).

El Tribunal Supremo al evaluar los alcances de otras reglas análogas sobre la imposición de sanciones, ha resuelto que aunque si bien es cierto que los tribunales poseen el poder discrecional para desestimar y eliminar las alegaciones de una parte, se debe ejercer el mismo estableciendo un balance entre la tramitación rápida de los casos y el derecho de todo litigante a tener su *"día en corte".* En primer término se debe imponer sanciones al abogado de la parte que ha dilatado los procedimientos. *"[S]i dicha acción disciplinaria no produce frutos positivos, procederá la imposición de la **severa sanción de la desestimación de la demanda o las alegaciones,** tan sólo después que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que pueda tener el que las mismas no sean corregidas."*(11) (Enfasis suplido). *Maldonado v. Srio. de Rec. Naturales,* 113 D.P.R. 494, 498 (1982)▪

Es norma en nuestra jurisdicción, *"[l]a de imponer sanciones económicas, en primera instancia, contra aquella parte que observa una conducta censurable bajo nuestro ordenamiento civil procesal. Esta 'suavización' de la sanción así como el postergar la imposición de sanciones drásticas y severas como último recurso al cual se deba acudir, responde a la política judicial imperante, por un lado, de que los casos se ventilen en sus méritos y, por otro lado, de que éstos se resuelvan de forma justa, rápida y económica." Amaro Gónzalez, et als. v. First Federal Savings Bank,* opinión del 30 de marzo de 1993, **93 J.T.S. 46,** pág. 10541.

Se deben utilizar otros recursos para persuadir a las partes sobre el cumplimiento de las órdenes dadas por el tribunal. El último recurso a utilizarse en nuestro ordenamiento civil en casos en que se demuestre irresponsabilidad o actitud contumaz de la parte contra quien se imponga la sanción, debe ser la desestimación de la demanda o la eliminación de las alegaciones. *Ramírez de Arellano v. Srio. de Hacienda,* 85 D.P.R. 823, 829 (1962); J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil,* San Juan, **Publicaciones J.T.S.,** 1985, Vol. II, Cap. V, pág. 197.

En el presente caso el tribunal de instancia agotó todos los remedios persuasivos a su alcance que establece la jurisprudencia para que la peticionaria cumpliera con las órdenes emitidas. Utilizó en primera instancia la imposición de sanciones económicas contra su representación legal al imponerle $50.00 dólares por no comparecer a una conferencia señalada para el día 28 de septiembre de 1992.▪

Durante todas las conferencias apercibió a la parte peticionaria sobre el fiel cumplimiento de las órdenes so pena de la imposición de sanciones. Las órdenes inclusive fueron notificadas a su dirección, según obra en autos▪ Le concedió término suficiente en dos (2) ocasiones para que contratara a su representación legal aún cuando se solicitaba las suspensiones el mismo día de la vista o en días previos. Permitió un período adicional de cuatro (4) meses cuando contrató una nueva representación legal para que se preparara y para un nuevo descubrimiento de prueba.▪

Luego de que el tribunal de instancia agotó todos los mecanismos persuasivos antes mencionados para compeler a la peticionaria a cumplir con las órdenes del tribunal y sobre todo con la justa y rápida tramitación del recurso, le impuso como última sanción la eliminación de sus alegaciones y la privación de la presentación de la prueba en la vista en su fondo.█

Las circunstancias antes expresadas nos hacen concluir que procede el imponerle a la parte peticionaria la sanción extrema en esta etapa de los procedimientos, de la eliminación de las alegaciones y el de privarle de presentar prueba durante la vista, conforme a sus actuaciones durante todo el trámite del caso en el tribunal de instancia.

Por los anteriores fundamentos se expide el auto de *certiorari*, se confirma la resolución emitida por el Tribunal de Instancia.

Lo acordó el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 110

**1.** Véase Orden del 21 de julio de 1992 y del 12 de noviembre de 1992; Minuta del 28 de septiembre de 1992; Exhibit 1, 2 y 3 parte recurrida, pág. 3-4.

**2.** Véase Minuta del 20 de octubre de 1994; Exhibit 17 parte recurrida, pág. 29.

**3.** Véase Minuta del 29 de diciembre de 1994; Exhibit 21 parte recurrida, págs. 39 y 40.

**4.** Véase Minuta del 8 de febero de 1995; Exhibit 24 parte recurrida, pág. 45.

**5.** Sobre la imposición de sanciones véase además, *Arce v. Club Gallístico de San Juan,* 105 D.P.R. 305, 307 (1976); *Echevarría Jiménez v. Sucn. Pérez Meri,* 123 D.P.R. 664, 674 (1989).

**6.** Véase Minuta del 28 de septiembre de y Orden del 12 de noviembre de 1992; Exhibit 2 y 3 parte recurrida, págs. 3.

**7.** Véase Orden del 12 y 13 de mayo de 1994; Exhibit 14 y 15 parte recurrida, págs. 20 y 21.

**8.** Véase Orden del 27 de abril de 1994, Exhibit 13 parte recurrida, pág. 19.

**9.** El tribunal de instancia utilizó un criterio de *"suavización"* de sanciones antes de imponer como sanción la eliminación de las alegaciones. *Amaro González et als. v. First Federal Savings Bank, supra.*