Rivera de Martínez, Juez Ponente
*855 TEXTO COMPLETO DE LA SENTENCIA
El recurso de epígrafe fue presentado el 17 de abril de 1998. La parte apelante, Universidad Central de Bayamón, recurre de la sentencia emitida por el Tribunal de Primera Instancia, Sala Municipal de Barranquitas, el 8 de marzo de 1998, archivada en autos y notificada el 18 del mismo mes y año. Mediante dicha sentencia, el foro de instancia desestimó y archivó una reclamación en cobro de dinero presentada por la parte demandante, aquí apelante, bajo la Regla 60 de Procedimiento Civil. 
Para un análisis adecuado de la controversia, es necesario que expongamos un breve resumen de lo acontecido en el casó de autos, según surge del expediente ante nós.
I
El 17 de noviembre de 1997 la apelante presentó una demanda contra la parte aquí apelada, alegando que le adeudaba solidariamente la cantidad de ciento cuarenta y cinco ($145) dólares, por concepto de derechos y costos de matrícula no pagados durante el año académico 1995-1996, siendo ésta una suma vencida, liquida y exigible. So'lifcitó del tribunal qué declarara con lugar la demanda y dictara sentencia condenando a la parte demandada a pagar la suma indicada, más los intereses, gastos, costas y cuarenta y tres dólares con cincuenta centavos ($43.50) para honorarios de abogado. Unió a la demanda una declaración jurada otorgada'por un oficial de la Universidad Central de Bayamón, afirmando que dicho documento era ácfeditativo de los extremos alegados en la demanda.
El tribunal señaló una vista conforme a la mencionada Regla 60, para el 4 de febrero de 1998, quedando debidamente citadas las partes en el'proceso. El 29 de enero de 1998, el abogado de la demandante-apelante presentó un escrito titulado "Solicitud de Sentencia o de Tramitación por la Via Ordinaria", mediante el cual solicitó del foro de instancia que relevara a dicha parte de comparecer a la vista señalada y dictar a sentencia por el expediente. Pidió, que de no comparecer la parte demandada a la vista o de no presentar defensas sustanciales, el tribunal examinara la prueba documental sometida y dictara sentencia declarando con lugar la demanda. Planteó, que de lo contrario, en caso de comparecer la demandada y tener alguna reclamación sustancial, convirtiera el procedimiento en uno ordinario, estableciendo el calendario a tenor de las Reglas de Procedimiento Civil. A pesar de que radicó la moción en una fecha cercana a la vista, no esperó la contestación del tribunal y no compareció.
No habiendo estado presentes ninguna de las dos pártes ni sus representantes legales en la vista señalada para el día 4 de febrero de 1998, el tribunal declaró sin lugar la moción de la demandante-apelante y dictó sentencia de archivo y sobreseimiento del caso, habiendo sido notificadas, la resolución y la sentencia el 18 de marzo de 1998.
El 24 de marzo de 1998, la parte demandante-apelante solicitó reconsideración de dicha sentencia. Planteó, entre otras cosas que su petición de ser relevada de comparecer estuvo basada en los fundamentos sobre economía procesal, así. como la solución justa, rápida y económica de todo procedimiento, contemplados por las Reglas de Procedimiento Civil. Comparó la Regla 60 con la 45 de dicho cuerpo reglamentario, argumentando que esta última no excluye los procedimientos bajo la Regla 60.
Alegó, además, que la comparecencia personal del demandante lo que hacía era imponer una carga económica innecesaria que iba en contra del sentido que animó la referida Regla 60 que abarca cuantías pequeñas.
El 27 de marzo de 1998, el foro de instancia declaró sin lugar la reconsideración solicitada, sin perjuicio de que la parte demandante pudiera radicar nuevamente su reclamación. La resolución fue notificada el 7 de abril de 1998.
Inconforme, el demandante recurre ante nos planteando que el tribunal de instancia cometió el siguiente error:

"Erró el honorable tribunal de instancia al no considerar favorablemente la solicitud de sentencia presentada por la apelante y disponer del caso mediante una sentencia desestimatoria por razón de la 
*856
interpretación restrictiva que hiciere de la Regla 60 de Procedimiento Civil."

Los fundamentos expuestos por la apelante en apoyo de su planteamiento son básicamente los aducidos por dicha parte en la moción de reconsideración ante el foro de instancia. El 3 de julio de 1998, emitimos resolución concediéndole un plazo de treinta (30) días a la parte apelada para que presentara su alegato. Hasta el día de hoy dicha parte no ha cumplido con nuestra resolución, por lo cual consideramos el caso como uno sometido y estamos en condiciones de resolver.
II
La Regla 60 de Procedimiento Civil, supra, preceptúa lo siguiente:

"Cuando se presentare un pleito en cobro de una suma que no exceda de los dos mil (2,000) dólares exclusive de los intereses, y cuando no se solicite específicamente en la demanda tratar el caso bajo el procedimiento ordinario prescrito por estas reglas, el secretario inmediatamente notificará al demandado por correo o cualquier otro medio de comunicación por escrito.

Si el. demandado residiere fuera de Puerto Rico, se hará su citación por edicto de acuerdo a la Regla 4.5.

La notificación epecificará la naturaleza de la reclamación y la fecha señalada para la vista. Dicha vista se celebrará en la fecha más próxima posible, pero nunca antes de quince (15) días de la notificación al demandado. El tribunal entenderá en todas las cuestiones litigiosas en el acto de la vista y dictará sentencia inmediatamente. Si el demandado no compareciere, el tribunal, al determinar que fue debidamente notificado y que se le debe alguna suma al demandante, dictará sentencia. Si se demostrare al tribunal que el demandado tiene alguna reclamación sustancial, o en el interés de la justicia, el tribunal podrá ordenar que él pleito sé continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas."

Como puede observarse, por disposición expresa de la misma regla, el tribunal está obligado a celebrar vista, la cual le permitirá entender en todas las cuestiones litigiosas y dictará sentencia inmediatamente. Si el demandado no comparece, el tribunal deberá determinar si fue o no debidamente notificado y si le debe alguna suma al demandante. Evidentemente, nada impediría al tribunal para comprobar esto último, requerir alguna prueba adicional durante la vista o aclarar algún concepto económico en un documento que estime lo amerite, teniendo allí al demandante.
De otra parte, si el demandado comparece y demuestra al tribunal que tiene alguna reclamación sustancial, o así también, en el interés de la justicia, el tribunal podrá ordenar que el caso continúe bajo el procedimiento ordinario. Es decir, que la discreción concedida le confiere autoridad al tribunal inclusive para ordenar la continuación bajo el procedimiento ordinario, si considera que la justicia sustancial en el caso así lo amerita. 7 ;
Lo anterior pone de manifiesto que la vistá tiene el propósito de que el tribunal pueda asegurarse, con las partes allí, de que la reclamación es legítima o en los casos en que proceda, que la misma debe tramitarse mediante el procedimiento ordinario. Se trata de una vista con propósitos muy específicos y no deja la regla al arbitrio de las partes el comparecer o no a la misma.
Sobre esto, es norma reiterada la enunciativa de que los abogados están comprometidos con sus clientes a desplegar el mayor celo, cuidado y diligencia en la atención de los asuntos que se le han encomendado. Estos deben a las cortes respeto a las órdenes judiciales que le son dirigidas. Se les exige una asistencia puntual y el despliegue de todas las diligencias necesarias, para asegurar que no se causen dilaciones indebidas ¿n la tramitación y solución de los casos. La suspensión del señalamiento de una vista es atributo del tribunal y no del abogado, quien no. puede confiar en que al presentar una moción de suspensión de vista quedará ésta, automáticamente suspendida. El abogado tiene el deber de prepararse para la vista y no presumir que .el juez accederá á la petición de suspensión. Otero v. Alguacil, 116 D.P.R. 733 (1985). Véase, ademas, Fine Wallpaper v. Wolff, 102 D.P.R. 451 (1974); Acevedo Cabrera v. Compañía Telefónica, 102 D.P.R. 787 (1974) y el Canon 12 de los de Etica Profesional. 
*857 No obstante, el tribunal no debe imponer sanciones drásticas contra una parte cuando la conducta a censurarse es responsabilidad exclusiva de los abogados. Sobre esta materia, nuestro Tribunal Supremo ha resuelto, que planteada ante un tribunal una situación que de acuerdo con la ley y la jurisprudencia aplicables amerita la imposición de sanciones, éste debe, en primer término, imponer las mismas al abogado de la parte. Si dicha acción disciplinaria no produce frutos positivos, procederá la imposición de la severa sanción de la desestimación de la demanda o la eliminación de alegaciones, tan sólo después que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que puede tener el que la misma no sea. corregida. López Rivera v. Rivera Díaz, _ D.P.R. _ (1996), 96 J.T.S. 102, opinión de 28 de junio de 1996; Fernández v. Fernández, 120 D.P.R. 422 (1988); Echevarría v. Sucn. Pérez Meri, 123 D.P.R. 664 (1989).
La norma anterior responde al hecho dé que la experiencia señala que en la gran mayoría de los casos que presentan esta clase de dificultades las partes no están enteradas de la actuación negligente de sus abogados y, al advenir en conocimiento de esta situación, la misma es corregida de inmediato. Por ello, una parte que haya sido informada y apercibida de esta clase de situación y no tome acción correctiva, nunca se podrá querellar, ante ningún foro, de que se le despojó injustificadamente de su causa de acción y/o defensas. Maldonado Ortiz v. Soltero Harrington, 113 D.P.R. 494 (1982); Amaro González v. First Federal, _ D.P.R. _ (1993), 93 J.T.S. 46, opinión de 30 de marzo de 1993.
Conforme a lo anterior, la imposición de sanciones severas procede en aquellos casos extremos en que no exista duda alguna de la irresponsabilidad o contumacia de la parte contra quien se toman las medidas drásticas, y cuando ha quedado al descubierto el desinterés y abandono de la parte respecto a su caso. La tendencia jurisprudencial ha sido la de imponer sanciones económicas, en primera instancia, contra aquella parte que observa una conducta censurable bajo nuestro ordenamiento civil procesal. Esta "suavización" de la sanción, así como el postergar la imposición de sanciones drásticas y severas como último recurso al cual se deba acudir, responde a la política judicial imperante, por un lado, de que los casos se ventilen en sus méritos y, por otra parte, de que éstos se resuelvan de forma justa, rápida y económica. Amaro González v. First Federal, supra; Dávila v. Hospital San Miguel Inc., 117 D.P.R. 807 (1986). A tenor de lo anterior, es necesario que el tribunal evalúe las circunstancias particulares de cada caso, antes de proceder a la imposición de las sanciones más drásticas.
Aplicando la normativa reseñada al caso de autos no hay duda de que el abogado actuó incorrectamente al no asistir a la vista, sin haber sido excusado. Ello privó, tanto al foro de instancia como a la parte que el abogado representa, de la oportunidad de que el procedimiento fluyera con prontitud. Lo anterior, justifica que aumentemos la sanción impuesta por el foro de instancia .al abogado de la apelante de cien ($100) dólares a ciento cincuenta ($150) dólares. Por otra parte, la política judicial imperante hace necesario que ordenemos al foro de instancia reabrir el caso y continuar con los procedimientos. Disponer lo contrario, sería no sólo penalizar a la parte, sino dejar a un lado la norma orientada hacia la deseabilidad de que los casos se vean en sus méritos.
III
Por los fundamentos anteriores, revocamos la sentencia apelada. Remítase el caso al foro de instancia para la continuación de los procedimientos en forma consistente con la presente sentencia. El pago de sanciones por parte del abogado deberá hacerse en los próximos diez (10) días, a partir de la notificación de nuestra sentencia. El mismo deberá hacerse en la Secretaría de la sala de origen del Tribunal de Primera Instancia.
Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.
El Juez Rivera Pérez emite un voto de conformidad en lo relativo a la decisión del panel de revocar la sentencia apelada. Sin embargo, disiente de la decisión de mantener el pago por parte del abogado de la parte demandante de las sanciones impuestas por el Tribunal de Primera Instancia, por entender que dicho tribunal incidió en error al apreciar que era obligatoria la comparecencia de tal abogado a dicha vista. Era obligación del Tribunal de Primera Instancia decidir en ese momento si la deuda era líquida y exigible, a base de los documentos presentados por la parte demandante y, por ende, dictar la sentencia solicitada o, por el contrario, de mediar defensas válidas de la parte demandada convertir el proceso en uno ordinario. Para ello, era inoficioso la presencia del abogado de la parte demandante *858 en dicha vista.
Aida Ileana Oquendo Graulau
Secretaria General