TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nuestra consideración el Departamento de Asuntos del Consumidor ("DACO") mediante *636 recurso de certiorari y solicita que revoquemos la Sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 19 de octubre de 1999. En dicha sentencia, cuyo archivo en autos y notificación se efectuó el 13 de enero de 2000, el Foro de Primera Instancia desestimó la demanda de autos al amparo de la Regla 39.2 (a) de Procedimiento Civil, 32 L.P.R.A. Ap. 113.
I
El DACO presentó demanda ante el Tribunal de Primera Instancia, Sala Superior de Bayamón, en la cual solicitó que dicho Foro ordenara el cumplimiento de una orden final y firme emitida por el organismo administrativo. A esos efectos, el Tribunal de Primera Instancia señaló vista a la cual el abogado del DACO, Ledo. Pedro Manuel Irizarry Huertas ("Ledo. Irizarry"), no llegó a tiempo por alegadamente haber sufrido un mareo mientras viajaba por el Sistema de Transportación Pública. Debido a la incomparecencia del DACO, el Foro de Primera Instancia emitió Sentencia desestimando la acción al amparo de la Regla 39.2 (a) de Procedimiento Civil, supra. Minutos después, el Ledo. Irizarry arribó al tribunal y le informó lo sucedido a la Juez que presidía los procedimientos. Esta, de inmediato, dejó sin efecto la Sentencia emitida y ordenó al DACO presentar un proyecto de orden y citación, el cual fue posteriormente presentado por el DACO.
El 19 de octubre de 1999, el Ledo. Irizarry acudió al Tribunal de Primera Instancia para otros asuntos. Ese día, según alega el Ledo. Irizarry, el caso de epígrafe fue llamado sin éste haber recibido notificación alguna al respecto. La Juez que presidía los procedimientos le informó que la Orden de citación había sido firmada y notificada el 16 de septiembre de 1999. Acto seguido, el Tribunal de Primera Instancia desestimó, con perjuicio, la demanda de autos por haberse incumplido su orden. Oportunamente, el DACO solicitó al Foro de Primera Instancia que reconsiderara su determinación, la cual fue rechazada. Luego, el DACO acude ante nos mediante el recurso que nos ocupa. En su escrito de certiorari, el DACO plantea que el Tribunal de Primera Instancia erró al aplicar la severa sanción de la desestimación al caso de marras, pudiendo aplicar otro tipo de castigo y dejando sin remedio al promovente de la causa de acción. El 28 de junio de 2000, emitimos Resolución a los efectos de que la parte recurrida, Rolando Fernández, mostrara causa por la cual no debíamos revocar la Sentencia emitida por el Foro de Primera Instancia. Ante su incomparecencia, procedemos a dar por sometido el recurso y resolver el mismo.
II
La Regla 39.2 (a) de Procedimiento Civil, supra, establece que:

“Si el demandante dejare de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal, a iniciativa propia o a solicitud del demandado, podrá decretar la desestimación del pleito o de cualquier reclamación contra él. ”

Ahora bien, aunque la citada Regla permite que un tribunal, en el ejercicio de su discreción, desestime un pleito si el demandante no cumple con cualquier orden del tribunal o con las disposiciones de las reglas de procedimiento civil, la desestimación es una sanción drástica que sólo debe ser impuesta en casos tan extremos que no haya duda de la irresponsabilidad y contumacia de la parte contra quien es aplicada la sanción. Acevedo v. Cía Telefónica de P.R., 102 D.P.R. 787, 791 (1974); Garriga Gordils v. Maldonado Colón, 109 D.P.R. 817, 822 (1980); Fernández Sánchez v. Fernández Rodríguez, 120 D.P.R. 422, 426, (1988). A tales efectos, la trayectoria de la jurisprudencia de los últimos años apunta a la preferencia de la sanción económica como primera alternativa y ésta procede contra el abogado de la parte si es demostrado que éste es el responsable de la dejadez procesal. Sólo cuando otras sanciones han sido inefectivas, es que procede el desestimar un pleito como sanción. Arce v. Club Gallístico de San Juan, 105 D.P.R. 305, 307-308 (1976); Dávila v. Hosp. San Miguel, Inc., 117 D.P.R. 807, 814 (1986); Cuevas Segarra, Práctica Procesal Puertorriqueña: Procedimiento Civil, San Juan, Publicaciones J.T.S., 1985, a la pág. 205.
Sin embargo, el ejercicio de la discreción judicial, al momento de imponer sanciones, requiere un balance delicado y difícil entre la obligación de los tribunales de velar porque los casos sean ventilados sin demora y el *637 derecho de toda parte a tener su día en corte. Maldonado v. Srio. De Rec. Naturales, 113 D.P.R. 494, 497 (1982). Cuando estos dos principios fundamentales de nuestro ordenamiento procesal civil son contrapuestos; los tribunales deben inclinar la balanza a favor del derecho de todo litigante a que sus alegaciones sean ventiladas en sus méritos, ya que la razón de ser de nuestro ordenamiento procesal y de nuestro esquema adjudicativo es hacer justicia y un elemento sine qua non de este empeño es el derecho de toda parte a tener su día en corte. Ortiz Rivera v. Agostini, 92 D.P.R. 187, 193 (1965). No obstante, antes de que el tribunal desestime la demanda, es requisito "que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida." La razón para ello, según señala el Tribunal, es que:
"La experiencia señala que en la gran mayoría de los casos que presentan esta clase de dificultades... las partes no están enteradas de las actuaciones negligentes de sus abogados y, al advenir en conocimiento de ello, la situación es corregida de inmediato. "Maldonado v. Srio. De Rec. Naturales, supra, a la pág. 498.
III
En el caso de autos no surgen del expediente hechos suficientes que justifiquen fuera de toda duda la imposición de la severa sanción de la desestimación por parte del Tribunal de Primera Instancia, más aún, cuando existen dudas acerca de si el DACO recibió la notificación sobre el señalamiento en controversia. Antes de desestimar la demanda de autos, el Foro de Primera Instancia debió en, primer lugar, sancionar al abogado del DACO, en su carácter personal, y notificar a su representado la situación que se presentó al caso para que se tomasen las medidas que fueran pertinentes. En este último asunto es necesario aclarar que el caso ante nos se trata de una acción para poner efecto una Orden emitida por el DACO. El artículo 6 de la Ley Núm. 5 de 23 de abril de 1973, 3 L.P.R.A. see. 341 (e), Ley Orgánica del DACO, tiene una disposición que autoriza al Secretario a recurrir al Tribunal de Primera Instancia para solicitar que se ponga en vigor cualquier orden de cesar y desistir emitida por él o cualquier orden correctiva, lo que evidentemente establece la autoridad para que el DACO pueda procurar poner en vigor judicialmente órdenes administrativas como la de marras. Por la naturaleza de las funciones del DACO y el interés público envuelto, entendemos que ante una situación que amerita sancionar a un abogado que trabaje en dicha entidad y que actúe en representación y en aras de vindicar los derechos de un consumidor ante un Tribunal de Justicia, se debe notificar al Secretario del DACO personalmente y a la persona que acude al DACO sobre la misma, antes de desestimar una demanda. Ello debe ser así, toda vez que se ponen en peligro no tan sólo las funciones del DACO, sino los intereses de un ciudadano que como consumidor ha puesto su confianza en dicha entidad gubernamental y no en manos de un abogado en una relación normal de abogado-cliente. Analizados los hechos y la particularidad que presenta el recurso ante nos, la balanza de la justicia se inclina a favor de ofrecer al DACO, en representación de Israel Rivera Cruz, su día en corte. Es importante también señalar que el deber de los abogados de la Agencia antes aludida va más allá de su trabajo para la misma. Su responsabilidad incluye los intereses del público en general, en especial los de los consumidores que ponen toda su fe en aquellos que finalmente son los llamados a representarlos ante el tribunal: los abogados del DACO.
IV
Por los fundamentos antes expuestos, procedemos a expedir el auto solicitado y revocar la determinación recurrida. Nos abstendremos, en esta ocasión, de imponerle al Ledo. Pedro Manuel Irizarry severas sanciones económicas en su carácter personal.
Notifíquese la presente Resolución al Secretario del DACO, el Sr. José A. Alicea Rivera y al Sr. Israel Rivera Cruz.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.
Aida lleana Oquendo Graulau
Secretaria General
*638 ESCOLIOS 2001 DTA 18
1. Mediante dicha determinación, el DACO ordenó a Rolando Fernández que pagara a Israel Rivera Cruz la suma de $275.00 por motivo de una reparación defectuosa que hizo el primero al vehículo del segundo.
2. La Agencia asegura que nunca recibió la misma. Para probar este hecho, se presentó ante el Tribunal de Primera Instancia copia del récord de correspondencia recibida y de ninguna parte surge que se haya recibido la citación. Dicho sea de paso, copia del récord obra en el expedíante ante nos.