*819 TEXTO COMPLETO DE LA SENTENCIA
En el caso de epígrafe, la parte apelante solicita la revisión de una Sentencia emitida el 20 de márzo de 2006 por el Tribunal de Primera Instancia, Sala Superior de Bayamón. En la misma se ordenó que se eliminaran las alegaciones de la demanda conforme a la Regla 39.2 de las de Procedimiento Civil. 32 L.P.R.A. Ap. III, R. 39.2. La sentencia apelada fue notificada a las partes el 28 de marzo de 2006 por lo que el presente recurso ha sido interpuesto en tiempo hábil conforme a las Reglas de Procedimiento Civil.
Con el beneficio de la comparecencia de las partes, resolvemos CONFIRMAR la Sentencia apelada. Exponemos.
I
El caso de marras tiene su origen en una acción de cobro de dinero, incumplimiento de contrato y daños y perjuicios. No obstante, los méritos de esas reclamaciones no son pertinentes al recurso ante nos.
De los autos surge una serie de incidentes procesales relevantes a las determinaciones del Tribunal de Primera Instancia respecto al presente recurso de apelación. Los fundamentos que sustentan la sentencia apelada, que a modo de sanción elimina las alegaciones de la demanda, tienen su origen en un sinnúmero de actuaciones de la propia parte apelante. Del trasfondo procesal de la sentencia apelada surgen los siguientes incidentes pertinentes que señalamos a continuación. Véase, Apéndice XIX, páginas 155-163, Apelante.
El codemandado-apelado César Castillo Inc., en adelante Castillo, cursó un Primer Pliego de Interrogatorios y Requerimiento de Producción de Documentos, en adelante interrogatorio, a la parte apelante. Recibido por los demandantes-apelantes el 26 de mayo de 2005, el término para presentar la contestación vencía el 25 de junio de 2005.
Tardía y parcialmente, la parte contestó el interrogatorio el 27 de junio de 2005. En dicha contestación, los demandantes-apelantes no esbozaron objeción alguna a los documentos o información solicitados. Por el contrario, se comprometieron a entregar con posterioridad la documentación e información no incluida en su *820 contestación.
Para el 12 de julio de 2005 en una vista pautada, Castillo indicó al Tribunal de Primera Instancia que los apelantes no habían cumplido con la entrega de la totalidad de la documentación e información requerida en el interrogatorio, según se habían comprometido. Nuevamente, éstos reiteraron su compromiso de entregar la información y los documentos requeridos. Establecieron que cumplirían en o antes del 2 de septiembre de 2005.
Conforme al descubrimiento de prueba, las partes pactaron la toma de deposición del apelante, el Sr. Andrés Nales Pérez, para el 25 de agosto de 2005, fecha para la cual la parte apelante debía haber cumplido con el interrogatorio cursado por Castillo.
El 21 de septiembre de 2005, en una vista evidenciaría, Castillo señaló al tribunal que la parte apelante no había cumplido con el interrogatorio a pesar de sus múltiples compromisos al respecto. La parte apelante expresó para el récord que había cumplido con todo lo requerido en el interrogatorio. No obstante, luego de confrontado con una lista vertida por la representación de Castillo, que señalaba los documentos e información que no habían sido producidos, aceptó finalmente la inexactitud de sus expresiones. Adujo la representación de los apelantes que se comprometía a contestar en su totalidad el interrogatorio en un término de diez (10) días. No se esbozo razón alguna que justificara su incumplimiento, el cual provocó que la deposición pautada al señor Nales tuviese que ser cancelada.
Por el incumplimiento de los apelantes con las disposiciones de las Reglas de Procedimiento Civil referentes a los interrogatorios a las partes, el tribunal a quo emitió una sanción monetaria nominal ascendente a $100.00 en contra de los apelantes. 32 L.P.R.A. Ap. III, R. 30. Se les advirtió al señor Nales Pérez y la señora Flores Otero que el no cumplir oportunamente con el proceso de descubrimiento de prueba y producción de documentos e información requeridos por las demás partes en el pleito, constituía un incumplimiento con las Reglas de Procedimiento Civil que no sería condonado por el tribunal. Se les ordenó a la parte y a su representación legal que cumplieran con lo solicitado en el informe dentro del término de diez (10) días. Se les apercibió que futuros incumplimientos con las órdenes del tribunal o Reglas de Procedimiento Civil conllevarían la imposición de sanciones más severas, incluyendo la eliminación de alegaciones o la desestimación de la demanda. Véase, Apéndice, Anejo “D”, páginas 17-24, Apelado.
Los apelantes no cumplieron con la orden del tribunal. Debido a que no habían producido la información y los documentos requeridos, la deposición del señor Nales tuvo que ser cancelada por segunda ocasión.
Por espacio de casi cinco (5) meses desde recibido el interrogatorio, la parte apelante se comprometió a cumplir con los requerimientos del mismo, sin objetarlo. El 20 de octubre de 2005, a través de una moción, los apelantes objetaron por primera vez algunos de los requerimientos del interrogatorio. Correctamente, el foro de instancia consideró las objeciones tardías e inmeritorias. También solicitaron al Tribunal de Primera Instancia que se dictara sentencia parcial por temeridad en contra de los apelados. En su consideración de la referida moción, el tribunal a quo la declaró No Ha Lugar el 4 de noviembre de 2005.
Una tercera deposición señalada por el tribunal para el 28 de noviembre de 2005 fue cancelada cuando los apelantes y sus peritos no comparecieron. Castillo solicitó al tribunal a quo la desestimación de la demanda como sanción. Por otro lado, el apelante excusó su incomparecencia, argumentando que era impráctica la celebración de la deposición hasta que se resolviera una moción de sentencia parcial por ellos radicada. El tribunal sentenciador encontró el planteamiento inmeritorio, toda vez que la moción había sido resuelta desde el 4 de noviembre de 2005. La parte apelante simplemente se ausentó a la deposición sin haber solicitado una orden protectora o la paralización del descubrimiento de prueba.
Para la vista del 14 de diciembre de 2005, los apelantes todavía no habían cumplido con los requerimientos *821 del interrogatorio incumpliendo las órdenes anteriormente dictadas por el Tribunal de Primera Instancia a esos efectos. Ante esta situación, el tribunal a quo reinstaló la sanción económica de $100.00 que había dejado en suspenso e impuso una sanción adicional de $1,000.00 dólares. Se les ordenó consignar las sanciones dentro del término de quince (15) días. El Tribunal de Primera Instancia le volvió a advertir al señor Nales Pérez, demandante-apelante, que el no producir la información y los documentos solicitados en el descubrimiento de prueba por Castillo, según lo requerían las Reglas de Procedimiento Civil y las órdenes emitidas por el tribunal, constituía motivo suficiente para emitir nuevas y más severas sanciones, incluyendo la eliminación de las alegaciones o la desestimación de la demanda. Véase, Apéndice, Anejo “G”, páginas 29-33, Apelado.
Ante el tribunal a quo y por orden del mismo, las partes acordaron una nueva fecha para la toma de deposiciones, el 11 de enero de 2006, sujeto al cumplimiento de los apelantes con los documentos e información que se les había solicitado y ordenado producir.
En una moción presentada el 21 de diciembre de 2006, Castillo notificó al foro sentenciador otro incumplimiento de la parte apelante. Una vez más, se trataba de la inobservancia a las órdenes del foro de instancia respecto al cumplimiento con la producción de información y documentos requeridos en el interrogatorio y, además, de la omisión de consignar las sanciones monetarias impuestas con anterioridad. Castillo reiteró su solicitud de desestimación como última sanción. El tribunal a quo les concedió a los apelantes la oportunidad para que expresaran su posición y evidenciaran el cumplimiento con lo anteriormente ordenado, antes de la vista pautada para el 17 de enero de 2006, so pena de desestimación con perjuicio.
En una próxima ocasión, el 29 de diciembre de 2005, Castillo solicitó al tribunal mediante moción urgente, una orden protectora para que se paralizara el descubrimiento de prueba y se relevara a las partes de presentar el informe de conferencia con antelación al juicio. Apoyó su solicitud en que, debido a la falta de cumplimiento de los apelantes con el descubrimiento de prueba según requerido y ordenado, no se podían efectuar nuevamente las deposiciones pautadas y acordadas con anterioridad. El tribunal declaró Ha Lugar lo solicitado, ordenando que se adelantara telefónicamente la Orden, toda vez que la notificación escrita podría tardar en ser emitida, debido a la fecha navideña.
Para la vista pautada el 17 de enero de 2006, todavía los demandantes-apelados no habían cumplido con las órdenes anteriores del Tribunal de Primera Instancia respecto al descubrimiento de prueba y pago de sanciones. Castillo solicitó nuevamente al foro de instancia la desestimación de la demanda.
Llama la atención que para la fecha de emitida la sentencia apelada el 20 de marzo de 2006, habían transcurrido más de sesenta días (60) días de celebrada la vista del 14 de diciembre de 2005. Fue en la referida vista que se le ordenó a la parte apelante el cumplimiento con las órdenes relacionadas al descubrimiento de prueba y el pago de sanciones económicas por $1,100.00, gestiones que a la fecha en que se dictó la sentencia apelada, aún no se habían cumplido.
De las conclusiones de hechos emitidas por el tribunal a quo, surge lo siguiente:

“1. El codemandado-apelado Castillo sometió a los apelantes un primer pliego de interrogatorio y requerimiento de producción de documentos el 23 de mayo de 2005.

2. Castillo estuvo impedido de tomar deposiciones acordadas del demandante-apelante, el Sr. Andrés Nales Pérez, o de los peritos anunciados por la parte apelante en tres ocasiones diferentes. La suspensión de las distintas deposiciones se debió a que la parte demandante-apelante no había contestado completamente el interrogatorio, ni había producido todos los documentos solicitados por Castillo o simplemente había cancelado por su unilateral determinación la acordada deposición.

*822
3. Para el 20 de marzo de 2006, fecha en que se dictó la sentencia apelada, la parte apelante aún no había cumplido a cabalidad con el referido interrogatorio. El mismo había sido recibido por los apelantes el 26 de mayo de 2005. Es decir, luego de transcurridos más de nueve (9) meses desde el recibo del interrogatorio, la parte apelante no había contestado sustancialmente el mismo, ni había producido la totalidad de los documentos requeridos, a pesar de que así lo ordenara el tribunal de instancia en varias ocasiones.

4. El tribunal a quo celebro tres (3) vistas en las cuales impuso sanciones a la parte apelante y le apercibió personalmente respecto a los efectos de futuros incumplimientos que conllevarían sanciones mayores e incluso la desestimación de la demanda o la eliminación de las alegaciones.

5. A la parte demandante-apelante se le impusieron sanciones económicas en dos ocasiones las cuales para la fecha de emitida la sentencia apelada no habían sido satisfechas. Las sanciones fueron escalonadas, la primera por un montante de $100.00, mientras que la segunda ascendió a $1,000.00. Ninguna había sido consignada en el tribunal de instancia a la fecha de emitida la sentencia apelada.

6. El Tribunal de Instancia concedió a los apelantes la oportunidad de justificar el retraso en una adecuada contestación al interrogatorio. Hubo incumplimiento con múltiples órdenes del tribunal respecto al descubrimiento, y los apelantes no efectuaron el pago de las sanciones monetarias impuestas. Entiende el tribunal a quo que los demandantes nunca esbozaron razones válidas que excusaran su conducta. ”
Véase, Apéndice XIX, páginas 163-169, Apelante.
Como resultado del comportamiento de la parte apelante anteriormente descrito, el foro sentenciador resolvió eliminar las alegaciones de la demanda conforme a la Regla 39.2 de Procedimiento Civil.
Oportunamente, la parte apelante recurre ante nos con los siguientes señalamientos de error:

1) Erró el T.P.I. al dictar sentencia desestimando la demanda del apelante, en cobro de dinero, evidenciada por declaración jurada e informe pericial de la deuda a cobrar a los apelados César Castillo, Inc. y Banco Popular de Puerto Rico, Inc., por $2,231,501.17, sin la celebración de conferencia con antelación al juicio y sin vista en sus méritos.

2) Erró el T.P.I. al desestimar la demanda del apelante y no dictar sentencia en rebeldía e imponer las sanciones a los apelados por no comparecer a la conferencia entre abogados ordenada por el T.P.I. y no someter su parte del informe de conferencia con antelación al juicio conforme a la orden del tribunal y a las Reglas 37y 45 de las de Procedimiento Civil. ”

Solicita la parte apelante como remedio que se revoque la sentencia apelada, que se dicte Sentencia Sumaria en rebeldía en contra de los apelados, que se les condene a los apelados al pago de una deuda ascendente a $2,231,501.17, más intereses, costas, gastos y honorarios de abogados por temeridad. Además, solicita que se deje sin efecto la sanción económica de $1,100.00 impuesta en su contra.
II
La parte apelante, en su primer señalamiento de error, nos dice que erró el tribunal a quo en el dictamen de la sentencia apelada, al desestimar la demanda sin haberse celebrado la conferencia con antelación al juicio y sin vista en los méritos. Ante este señalamiento, nos corresponde subrayar que los fundamentos para eliminar las alegaciones de la parte apelante estaban intimamente relacionados a las razones por las cuales no se llegó a celebrar la conferencia con antelación al juicio y tampoco hubo vista en los méritos. El eliminar las alegaciones de la parte apelante se justificó a base de las actuaciones de la propia parte apelante en el trámite procesal del caso en el foro de instancia.
*823 La sentencia apelada eliminó las alegaciones de los demandantes como mecanismo de última sanción ante sus constantes incumplimientos con lo establecido por las Reglas de Procedimiento Civil y las órdenes del tribunal a quo. El patrón de conducta de los apelantes reseñado anteriormente demuestra sin lugar a dudas que éstos obraron de forma contumaz, incumpliendo con la normativa de los procesos del descubrimiento de prueba conforme a las Reglas de Procedimiento Civil, dilatando innecesariamente los procedimientos del caso instado por ellos y desacatando órdenes y sanciones impuestas por el tribunal a quo a pesar de las múltiples oportunidades concedidas para la rectificación de su conducta. El referido comportamiento de la parte apelante surge de las propias determinaciones de hechos que constan en la sentencia apelada. Evaluada la prueba de autos, no encontramos evidencia alguna que controvierta las determinaciones de hechos realizadas por el Tribunal de Primera Instancia.
El Tribunal Supremo ha señalado que no se debe intervenir con las sentencias u órdenes apeladas a menos que un análisis sereno y desapasionado de la prueba nos convenza de que las determinaciones de hechos formuladas por el Tribunal de Primera Instancia no representan el balance más racional, justiciero y jurídico de la totalidad de la evidencia que desfilara ante él. Sánchez Rodríguez v. López Jiménez, 116 D.P.R. 172 (1985).
Las conclusiones de hechos del Tribunal de Primera Instancia se van a considerar claramente erróneas, aunque haya evidencia que las sostenga, cuando del examen de la totalidad de la evidencia el tribunal de revisión queda definitiva y firmemente convencido de que un error ha sido cometido, como puede pasar cuando las conclusiones de hechos están en conflicto con el balance más racional, justiciero y jurídico de la totalidad de la evidencia recibida. Maryland Casualty Co. v. Quick Const. Corp., 90 D.P.R. 329, 336 (1964).
Es norma reiterada en nuestro ordenamiento jurídico que los tribunales apelativos no debemos sustituir nuestro criterio por el del tribunal sentenciador, excepto cuando se demuestra que el referido foro actuó con prejuicio o parcialidad, incurrió en arbitrariedad o abuso de discreción o se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. Meléndez Vega v. Caribbean International News, 151 D.P.R. 649 (2002).
En el caso de marras, del expediente surge que las determinaciones de hechos del tribunal a quo son correctas. Incluso, la parte apelante no presentó prueba alguna que acreditase una razón justificada para sus múltiples incumplimientos con las órdenes del tribunal y con el descubrimiento de prueba. No intervendremos con las determinaciones de hechos del tribunal sentenciador.
Sabido es que un tribunal puede imponer sanciones económicas en cualquier caso y en cualquier etapa del pleito cuando la conducta de una parte es constitutiva de demora, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia. 32 L.P.R.A. Ap. III, R. 44.2; Lluch v. España Service Sta., 117 D.P.R. 729 (1986).
Cuando un tribunal determina que las actuaciones de una parte están perjudicando y entorpeciendo los procedimientos, tiene amplia facultad para prohibir, sancionar o castigar ese tipo de conducta y actitud. Puede eliminar las alegaciones y defensas, desestimar reclamaciones, imponer sanciones económicas a las partes, a sus abogados o a ambos, dar por admitidos ciertos hechos y dictar sentencia en rebeldía. Rivera v. Insular Wire Products Corp., 140 D.P.R. 912, 930 (1996). La desestimación de la causa de acción o la eliminación de las alegaciones como medida de sanción procesal debe ser el último recurso al que acuda el tribunal, cuando otras medidas intermedias o menos severas no han sido suficientes para remediar la situación. Acevedo v. Co. Telefónica de P.R., 102 D.P.R. 787 (1974).
Las Reglas de Procedimiento Civil autorizan la aplicación de sanciones drásticas cuando una parte deja de descubrir prueba, como lo es contestar interrogatorios, requerimientos de inspección o producción de documentos. 32 L.P.R.A. Ap. III, R. 34.2; Amaro González v. First Federal Savings Bank, 132 D.P.R. 1042 *824 (1993). En el caso que nos ocupa, fueron multiples las oportunidades brindadas y los apercibimientos y sanciones económicas dirigidas hacia la parte apelante que no lograron que desistiera de su comportamiento violatorio de las Reglas de Procedimiento Civil y de las órdenes emitidas por el tribunal a quo. Cuando un demandante deja de cumplir con sus disposiciones o con cualquier orden del tribunal, el foro de instancia motu proprio o a solicitud del demandado, podrá decretar la desestimación del pleito o de cualquier reclamación contra él, o la eliminación de las alegaciones, según corresponda. 32 L.P.R.A. Ap. III, R. 39.2(a).
Sabido es que los tribunales tienen el poder discrecional según las Reglas de Procedimiento Civil de desestimar una demanda o eliminar las alegaciones de una parte; sin embargo, esa determinación se debe ejercer juiciosa y apropiadamente. Maldonado v. Srio. de Recursos Naturales, 113 D.P.R. 494, 498 (1982). En el caso de marras, el Tribunal de Primera Instancia en varias ocasiones amonestó personalmente a los apelantes, los sancionó monetariamente y les apercibió consistentemente sobre la posible eliminación de sus alegaciones como sanción a su repetido incumplimiento con el descubrimiento de prueba y las órdenes del tribunal. Según los hechos de autos, nos es forzoso concluir que, a base de la totalidad del expediente, es apropiada y está justificada la sanción impuesta por el Tribunal de Primera Instancia que, como cuestión de hecho, desestimó la demanda a los apelantes. El foro de instancia no abusó de su discreción en su determinación, sino que simplemente ejerció las prerrogativas que le han sido concedidas para lograr vindicar su autoridad ante la conducta contumaz, temeraria y desafiante de la parte apelante.
Por otra parte, en su segundo señalamiento de error, la parte apelante aduce que erró el tribunal sentenciador por no dictar sentencia en rebeldía e imponer sanciones a los apelados por no comparecer a la conferencia entre abogados y no someter su informe de conferencia con antelación al juicio. No tienen razón. Como bien señala en su alegato la parte apelada, estos señalamientos son asuntos interlocutorios que no fueron objeto de discusión, ni sirvieron de fundamento a la sentencia apelada.
De la Sentencia apelada surge, como uno de los múltiples incidentes procesales ocurridos, que Castillo presentó una solicitud urgente para obtener una orden protectora para la paralización del descubrimiento de prueba y relevo de presentar el informe de conferencia con antelación al juicio. La solicitud estaba fundamentada en el reiterado incumplimiento de los demandantes con el descubrimiento de prueba. La misma fue declarada Ha Lugar por el foro de instancia el 29 de diciembre de 2005. Véase, Apéndice XIX, páginas 161-162, Apelante. La orden fue notificada a las partes el 19 de enero de 2006. Véase, Apéndice, Anejo “<9”, páginas 122-123, Apelado. Lo anterior significa que las partes no tenían que continuar con el descubrimiento de prueba, ni venían obligadas a presentar el informe de conferencia con antelación al juicio.
Más aún, el presente recurso fue interpuesto el 27 de abril de 2006, es decir, 33 días luego de expirado el término establecido para la presentación de un recurso de Certiorari para atender esos planteamientos interlocutorios. No actuaremos ultra vires atendiendo los mismos, cuando claramente carecemos de jurisdicción. Como cuestión de derecho, no procede la revisión de esa decisión interlocutoria del foro de instancia en el presente recurso.
La Ley de la Judicatura establece que el Tribunal de Apelaciones tiene competencia para conocer mediante un auto de Certiorari a ser expedido a su discreción, cualquier resolución u orden dictada por el Tribunal de Primera Instancia. 4 L.P.R.A. § 24y(b). Las reglas de Procedimiento Civil disponen que el recurso de Certiorari debe presentarse dentro del término de cumplimiento estricto de treinta (30) días contados a partir del archivo en autos de copia de la notificación de la resolución u orden. 32 L.P.R.A. Ap. III, R. 53.1(e)(1). Esto significa que su observancia tardía es permisible sólo cuando existe y se demuestra a cabalidad justa causa para no haber cumplido rigurosamente con el término en cuestión. Arriaga v. Fondo del Seguro del Estado, 145 D P R 122 (1998).
De los autos no surge justa causa adecuada de la parte apelante que nos permita atender los señalamientos *825 en el segundo supuesto error señalado como si fuesen comprendidos en un recurso de Certiorari. Por tanto, a razón de que los términos transcurrieron, que no hay justa causa para la dilación en la presentación de un recurso de Certiorari y que los asuntos señalados son de carácter interlocutorio y no relacionados a la sentencia apelada, no procede su revisión.
III
Por los fundamentos anteriormente esbozados, CONFIRMAMOS la Sentencia apelada que aplicó las sanciones dispuestas en la Regla 39.2 de Procedimiento Civil que brindaban poder discrecional al tribunal para desestimar una demanda o eliminar las alegaciones a la apelante.
Lo acuerda y manda este Tribunal y lo certifica la Secretaria.
Mildred I. Rodríguez Rivera
Secretaria Interina del Tribunal de Apelaciones