Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| ADALICIA REYES TORRES; JOSE FELIPE AMARO SANTOS; LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR ESTOS; MARIELISSE AMARO REYES DEMANDANTES-APELANTES<br><br>v.<br><br>UNIVERSAL INSURANCE COMPANY; AUTORIDAD DE EDIFICIOS PUBLICOS DEL ELA DE PUERTO RICO; ANGEL KUILAND ORTEGA; FULANO DE TAL DEMANDADOS-APELADOS<br><br>v.<br><br>SCHINDLER CORPORATION OF PUERTO RICO TERCEROS DEMANDADOS-APELADOS | KLAN202300870 | *APELACIÓN* PROCEDENTE DEL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE CAGUAS<br><br>CASO NÚM.: E DP2005-0062 (404)<br><br>SOBRE: DAÑOS Y PERJUICIOS |

Panel integrado por su presidenta, la Jueza Santiago Calderón, la Jueza Prats Palerm y la Jueza Álvarez Esnard

*Prats Palerm, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 6 de febrero de 2024.

Comparece la parte demandante-apelante, Adalicia Reyes Torres, su esposo José Felipe Amaro Santos, la Sociedad Legal de Gananciales compuesta por éstos y su hija Marielisse Amaro Reyes (apelantes), y nos solicita que revoquemos la *Sentencia* dictada por por el Tribunal de Primera Instancia, Sala de Caguas (TPI), el 19 de julio de 2023, notificada y archivada en autos el 8 de agosto de 2023. Mediante el referido dictamen, el TPI amparado en la Regla 39.2 (b)

Número Identificador

SEN2024 _____

de las de Procedimiento Civil, desestimó con perjuicio la demanda de daños presentada por los apelantes.

Por los fundamentos que expondremos a continuación, se *Revoca* el dictamen apelado.

**I**

El 15 de febrero de 2005, los apelantes presentaron una demanda de daños y perjuicios contra la Autoridad de Edificios Públicos ("AEP") y su aseguradora Universal Insurance Company ("Universal). En síntesis, la co-demandante-apelante, Adalicia Reyes Torres ("Sra. Reyes Torres") alega que sufrió una caída cuando salió de un elevador en el antiguo Tribunal de Caguas, donde laboraba, y que a raíz de dicha caída, esta sufrió lesiones en el cuello, espalda, piernas y rodillas. Debido a lo anterior, sostiene que recibió tratamiento en la Corporación del Fondo del Seguro del Estado ("CFSE") y que como consecuencia de los daños, tiene una incapacidad parcial y reclamó angustias mentales.

Habiendo comparecido en el pleito los demandados, Universal trajo como tercero demandado a Schindler Corporation of Puerto Rico ("Schindler") y Compañía Aseguradora X, para el 24 de febrero de 2011. Se alega en la demanda de tercero que es Schindler quien le provee el mantenimiento a los elevadores, y por tanto, deben ser estos quienes respondan por los daños alegados en la demanda.

Luego de varios trámites procesales, Schindler compareció al pleito el 4 de agosto de 2011 mediante *Contestación y Defensas a Demanda Contra Tercero*. Durante el transcurso, Schindler advino en conocimiento que el caso de la Sra. Reyes Torres ante la CFSE, con número de caso 04-17-01703-8, a consecuencia de los hechos que motivan la presente demanda, aún estaba vigente ante la Comisión Industrial ("CI"), por tanto, no era final. Debido a lo anterior, Schindler presentó una *Moción Solicitando Orden* el 26 de abril de 2013, solicitándole al TPI que ordenara a la parte

demandante-apelante, a aclarar dicha situación ante la CI, y de ser cierta, ordenara la desestimación de la demanda sin perjuicio.

Los apelantes se opusieron a dicha solicitud. En la misma admiten que la Sra. Reyes Torres aún se encontraba con un caso ante la CI y reconoció que en efecto el caso no podía continuar con respecto a ella hasta tanto la decisión de la CI fuese final, pero que con relación a los demás co-demandantes, el pleito podría continuar.

Luego de múltiples trámites procesales, el 16 de octubre de 2013, notificada el 5 de noviembre de 2013, el TPI dictó Sentencia ordenando la paralización de los procedimientos hasta tanto la CI culminara administrativamente el caso de la Sra. Reyes Torres.

Seis (6) años más tarde, el 21 de enero de 2020, los apelantes presentaron ante el TPI *Moción Solicitando Continuación de los Procedimientos*. En la misma indican que la CI había emitido Resolución el 26 de abril de 2018, notificada el 31 de mayo de 2018, cerrando el caso de la Sra. Reyes Torres. Informan, además, que habían transcurrido más de noventa (90) días desde la referida Resolución sin que la CFSE se subrogara, por tanto, solicitaban la reapertura del caso. El TPI declaró *Con Lugar* la reapertura del caso el 28 de febrero de 2020.

Aun cuando el TPI había ordenado la reapertura, los apelantes presentaron el 16 de junio de 2022 una nueva *Moción Solicitando se Reanuden los Procedimientos*. Los apelados, Schindler, presentaron una *Moción Urgente en Oposición a Solicitud de Reapertura de los Procedimientos y Solicitando Desestimación*. En la referida Oposición los apelados hacen un recuento procesal del caso, incluyendo el aspecto que ya el TPI había ordenado la reapertura del caso desde el 28 de febrero de 2020. Por tanto, habían transcurrido 2 años y 4 meses con el caso reabierto y el caso no tuvo movimiento alguno por

la parte apelante. Que dicha inacción ameritaba la Desestimación del pleito bajo la Regla 39.2(b) de las de Procedimiento Civil.

Los apelantes, a su vez, se opusieron a la solicitud de los apelados sustentando que la CFSE había emitido una nueva determinación sobre factores socioeconómicos y confirmando la incapacidad parcial de la Sra. Reyes Torres el 7 de septiembre de 2021, pero alegan que no habían tenido conocimiento de la misma hasta fecha reciente a solicitar la segunda reapertura. Que por lo anterior se justificaba válidamente el que no le hayan dado curso ni movimiento al caso ante el TPI.

El TPI ordenó la celebración de una vista argumentativa que se llevó a cabo el 20 de abril de 2023. En la misma, las partes tuvieron la oportunidad de exponer sus respectivas posiciones.

Con fecha de 19 de julio de 2023, notificada el 8 de agosto de 2023, el TPI dictó Sentencia desestimando la Demanda a tenor con la Regla 39.2(b) de las de Procedimiento Civil. En la misma, el TPI determina y concluye que no existió justificación razonable para la inactividad del caso una vez fue reabierto. Que transcurrieron más de dos (2) años desde la reapertura sin realizar trámite procesal alguno que demostrara su interés en continuar gestionando su caso, ni informó que faltara una orden adicional por parte de la CFSE.

Inconformes con dicho dictamen, el 22 de agosto de 2023 los apelantes presentaron Reconsideración ante el TPI. Los apelados presentaron Oposición a Reconsideración el 30 de agosto de 2023. Ese mismo día el TPI dictó una Orden notificada el 1 de septiembre de 2023, en la cual declaró *No Ha Lugar* la solicitud de Reconsideración de los apelantes.

En desacuerdo con la determinación del foro de primera instancia, los apelantes acuden ante este Tribunal de Apelaciones y nos plantean los siguientes señalamientos de error:

ERRO EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL RESOLVER QUE PROCEDIA DESESTIMAR LA DEMANDA CON PERJUICIO POR INACTIVIDAD EN CLARO ABUSO DE SU DISCRESION.

ERRO EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA DEMANDA SIN ANTES HABER APERCIBIDO A LA PARTE DEMANDANTE DE LA DESESTIMACION.

## II

### A. La desestimación por inactividad

En nuestro ordenamiento, "la función del tribunal sentenciador es atender los casos y asuntos inmediatamente ante su consideración". *Vives Vázquez v. E.L.A.*, 142 DPR 117, 141 (1996). En ese sentido y de ordinario, los tribunales están obligados a intervenir oportuna y efectivamente para desalentar la falta de diligencia y el incumplimiento de sus órdenes. *Mejías et. al. v. Carrasquillo et al.*, 185 DPR 288, 298 (2012); *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 819 (1986). Ello es cónsono con las disposiciones de la Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1, la cual establece que dicho cuerpo normativo debe interpretarse de un modo que faciliten el acceso a los tribunales y el manejo del proceso, de manera que garanticen una solución justa, rápida y económica de todo procedimiento. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011). Por tanto, si el tribunal determina que la conducta de una parte es tal que perjudica y entorpece los procedimientos tiene "amplia facultad para prohibir, sancionar o castigar este tipo de conducta y actitud". *Rivera* v. *Insular Wire Products Corp.*, 140 DPR 912, 930 (1996).

Entre la diversidad de posibles sanciones, se encuentra la desestimación por inactividad contemplada por la Regla 39.2(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2(b). La referida regla dispone lo siguiente:

> b) El tribunal ordenará la desestimación y el archivo de todos los asuntos civiles pendientes en los cuales no se haya efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal

inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vista o de prórroga no serán consideradas como un trámite a los fines de esta regla.

El tribunal dictará una orden en todos dichos asuntos, la cual se notificará a las partes y al abogado o abogada, requiriéndoles dentro del término de diez (10) días desde que el Secretario o Secretaria les notifique, que expongan por escrito las razones por las cuales no deban desestimarse y archivarse los mismos.

c) [...] A menos que el tribunal en su orden de desestimación lo disponga de otro modo, una desestimación bajo esta Regla 39.2 de este apéndice y cualquier otra desestimación, excepto la que se haya dictado por falta de jurisdicción o por haber omitido acumular una parte indispensable, tienen el efecto de una adjudicación en los méritos.

Ahora bien, en nuestra jurisdicción impera la política judicial de que los casos se ventilen en sus méritos, a fin de cumplir con el interés de que todo litigante tenga su día en corte. *Mejías et al. v. Carrasquillo et al.*, *supra*; *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217 (2001); *Amaro González v. First Fed. Savs.*, 132 DPR 1042 (1993). Así pues, aunque las partes tienen el deber de ser diligentes y proactivos en el manejo procesal de sus casos, la desestimación de las causas de acciones es una medida extrema y drástica a la cual los tribunales no deben acudir desmesuradamente. *Sánchez Rodríguez v. Adm. de Corrección*, 177 DPR 714 (2009); *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 864 (2005).

Es por ello, que nuestro máximo foro ha establecido como norma general, que la desestimación de una demanda es la sanción más drástica que se puede imponer, por lo que los tribunales deben establecer un balance entre el interés de tramitar los casos rápidamente y que éstos sean resueltos en sus méritos. *Banco Popular v. S.L.G. Negrón, supra.* Por tal razón, en el contexto de la Regla 39.2 (b) de Procedimiento Civil, *supra*, también se ha reconocido como norma que, antes de proceder a la desestimación de un caso como sanción, **debe haber quedado demostrado de forma clara y fehaciente la desatención y el <u>abandono total</u> de la parte con interés,** además de constatarse que otras sanciones,

como lo sería una sanción económica al abogado de la parte, hayan sido ineficaces. *Mun. de Arecibo v. Almac. Yakima, supra.*

Es decir, no debe desestimarse un pleito al amparo de la Regla 39.2 (b) de Procedimiento Civil, *supra*, sin antes haber impuesto otras sanciones y sin haber un previo apercibimiento. *Mun. de Arecibo v. Almac. Yakima, supra.* Más importante resulta el hecho de que la jurisprudencia ha establecido que sanciones drásticas, como la desestimación del caso, no son favorecidas judicialmente y sólo se justifican en casos en los cuales la conducta de la parte sancionada ha sido contumaz, de mala fe o intencional; es decir, cuando no exista duda de la irresponsabilidad o contumacia de la parte a quien se sanciona. *Acevedo v. Compañía Telefónica*, 102 DPR 787 (1974); *Fernández Sánchez v. Fernández Rodríguez*, 120 DPR 422 (1988); *Valentín v. Mun. de Añasco*, 145 DPR 887 (1998).

Es importante destacar que únicamente procederá la desestimación si la parte ha sido informada y notificada de la situación y de las consecuencias de la inactividad. Así, lo dispone expresamente la Regla 39.2(b) de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa. *Mun. de Arecibo v. Almac. Yakima*, supra, pág. 223; *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982).

### III

En síntesis, los apelantes argumentan que el foro de primera instancia erró al desestimar con perjuicio su reclamación por inactividad. De acuerdo con el tracto procesal del caso, vemos que es un caso comenzado en el año 2005. Para el año 2013 el TPI dicta una Resolución donde se ordena la paralización de los procedimientos hasta tanto la Sra. Reyes Torres culminara con el tratamiento ante la CFSE y la CI cerrara el caso administrativamente. Sin embargo, según surge de las propias mociones y los documentos en apoyo, el caso ante la CI culminó el

26 de abril de 2018, notificado el 31 de mayo de 2018, y no es hasta el 21 de enero de 2020 que los apelantes solicitan la reapertura del pleito ante el TPI. Aunque claramente la parte apelante estuvo más de año y medio sin solicitar dicha reapertura, el TPI concedió la misma. Una vez reabierto, el caso se mantuvo inactivo y ello queda demostrado cuando por segunda ocasión, y para el 16 de junio de 2022, 2 años y medio más tarde, los apelantes presentan una segunda moción solicitando la reapertura. Cabe destacar que cuando los apelantes solicitan la segunda reapertura, indican que la dilación fue porque faltaba una orden adicional de la CI y que no tuvieron conocimiento hasta ese momento. Aun así, y luego de que los apelados presentaran desestimación por inactividad, el TPI le ofreció término a los apelantes para que se expresaran y se celebró una vista argumentativa. Resultando de la misma que el TPI dictara una Sentencia desestimando el presente pleito.

A tenor con el estado de derecho vigente, antes expuesto, la desestimación de un caso al amparo de la Regla 39.2 (b) de Procedimiento Civil, *supra*, es una medida drástica que debe ejercerse juiciosa y apropiadamente. *Maldonado v. Srio. Rec. Naturales*, 113 DPR 494, 498 (1982). Ya que, están contrapuestos dos principios fundamentales, el que los casos sean ventilados sin demora y el derecho que una parte tenga su día en corte. Es por ello, que se requiere que antes de desestimar un pleito por inactividad, se impongan otro tipo de sanciones y, si éstas no surten efecto, previo apercibimiento de la situación a la parte y de las consecuencias de no corregir la misma, entonces corresponde la desestimación del caso. Sin embargo, eso no fue lo que sucedió en el caso ante nuestra consideración.

En el presente caso el TPI no impuso las sanciones que se establecen en nuestro ordenamiento jurídico antes de desestimar el caso. El TPI no impuso sanciones al abogado de la apelante como

medida cautelar a la desestimación, ni impuso sanciones económicas a la apelante, ni emitió el apercibimiento correspondiente a ésta, antes de tomar la drástica determinación de desestimar el pleito.

Por tanto, determinamos que desestimar la demanda con perjuicio, además de privar a la apelante de su día en corte, es una sanción drástica que no es proporcional a su conducta y a las incidencias particulares ocurridas en este caso.

**IV**

Por los fundamentos expuestos, se revoca la *Sentencia* apelada y se devuelve al foro de instancia para que continúe con los procedimientos de manera consistente con lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones