Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| MARÍA VALDERRAMA FIGUEROA<br><br>Recurrida<br><br>v.<br><br>TRIPLE S. PROPIEDAD, **TRIPOLI CONSTRUCTION CORPORATION** y otros<br><br>Peticionario | KLCE202301473 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Civil Núm.: FA2019CV01070 (307)<br><br>Sobre: Caída |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 28 de febrero de 2024.

Comparece ante nos Tripoli Construction Corporation ("Trapoli Construction" o "Peticionario"), mediante *Escrito de Certiorari* presentado el 28 de diciembre de 2023. Nos solicita que revisemos una *Orden* emitida y notificada el 17 de octubre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Fajardo ("foro primario" o "foro *a quo*"). Mediante el referido dictamen, el foro primario declaró *Ha Lugar* la solicitud presentada por la señora María Valderrama Figueroa ("Sra. Valderrama Figueroa" o "Recurrida") para que se elimenaran las alegaciones de la demanda. En desacuerdo, el 27 de octubre de 2023, el Peticionario presentó una solicitud de reconsideración, la cual fue declarada *No Ha Lugar* mediante *Orden* emitida y notificada el 28 de noviembre de 2023.

Por los fundamentos expuestos a continuación, **expedimos** el auto de *certiorari* y **revocamos** la *Orden* recurrida.

## I.

La presente controversia tiene su inicio cuando el 6 de febrero de 2019, cuando la Sra. Valderrama Figueroa instó una *Demanda*[1] sobre daños y perjuicios contra la Administración de Servicios de Salud Mental y Contra la Adicción ("ASSMCA" o "agencia"), el Estado Libre Asociado de Puerto Rico ("ELA"), Compañía ABC, Arrendador ABC, Aseguradora 1-20 y otros codemandados de nombres desconocidos. En síntesis, alegó que el 8 de febrero de 2018 se encontraba caminando en el estacionamiento de las instalaciones de ASSMCA en el pueblo de Fajardo. Señaló que mientras caminaba, el portón de acero del estacionamiento se desprendió y cayó sobre ella, lo cual le ocasionó múltiples traumas en su cuerpo. Ante dicho suceso, tuvo que ser sometida a múltiples tratamientos, incluyendo una cirugía reconstructiva. Arguyó, además, que el accidente le ocasionó angustias mentales, gastos, la pérdida de licencias en el empleo y quedó con un impedimento parcial permanente en su función diaria. Por tales razones, solicitó una indemnización de $150,000, más el pago de intereses pre y post sentencia, además de honorarios de abogado.

Transcurridos varios trámites procesales, mediante *Sentencia* emitida el 6 de junio de 2019, notificada el día 10 del mismo mes y año, el foro primario decretó la paralización de los procedimientos y ordenó el archivo administrativo sin perjuicio de la reclamación.[2]

Posteriormente, el 2 de septiembre de 2019, la Recurrida presentó nuevamente una *Demanda*[3] sobre daños y perjuicios sobre los mismos hechos. Esta vez, incluyó como codemandado a Triple-S Propiedad, en su carácter de aseguradora de ASSMCA.

---

[1] Véase expediente electrónico FA2019CV00105 en el Sistema Unificado de Manejo y Administración de Casos ("SUMAC").
[2] Véase entrada número 14 del expediente FA2019CV00105 en SUMAC.
[3] Apéndice *certiorari*, págs. 1-8.

Así las cosas, el 14 de agosto de 2020, la Sra. Valderrama Figueroa presentó un escrito intitulado *Moción para que se emita Orden*. Mediante este, informó que el 8 de julio de 2020, diligenció un *subpoena duces tecum* a ASSMCA, requiriendo información relacionada con el accidente reclamado en la demanda. Señaló que, a pesar de haber solicitado la información a la agencia, esta no había entregado la misma. Por lo cual, solicitó que se dictara una orden contra ASSMCA para que supliera la información requerida.

Así las cosas, el 9 de abril de 2021, ASSMA remitió un correo electrónico a la parte Recurrida, en donde, entre otros documentos, incluyó una orden de compra ("purchase order") en la que establecía que el vendedor del portón objeto de la controversia era la compañía Tripoli Construction. Ante dicho descubrimiento, el mismo día, la Recurrida presentó *Moción para que se autorice enmendar la demanda* y *Primera demanda enmendada*. Así, procedió a enmendar la demanda a los fines de incluir a Tripoli Construction como codemandado, por ser la compañía *"contratada por la ASSMCA para realizar los diversos trabajos de construcción en su edificio de Fajardo, Puerto Rico, entre los que se encontraba suplir e instalar el portón de acero que da origen a esta demanda y, por cuya negligencia en la fabricación e instalación de dicho portón, se ocasionó el accidente que causó los daños sufridos por la demandante"*. Mediante *Orden* emitida el 3 de mayo de 2021, notificada al próximo día, el foro primario autorizó la enmienda a la demanda.

Luego de varias incidencias procesales, el 7 de septiembre de 2022, la Recurrida presentó *Escrito informativo*, en donde le notificó al foro primario que había cursado tres (3) mecanismos de descubrimiento de prueba a Tripoli Construction. En respuesta, el 27 de septiembre de 2022, el Peticionario presentó *Solicitud de prórroga para contestar descubrimiento de prueba hasta en o antes de 11 de noviembre de 2022*, en la que solicitó un término de treinta

(30) días para cumplir con el descubrimiento de prueba cursado. Mediante *Orden* emitida y notificada el 29 de septiembre de 2022, el foro *a quo* concedió la prórroga solicitada.

El día antes de expirado el término concedido, el Peticionario presentó *Solicitud de prórroga final de cinco (5) días para notificar contestación a descubrimiento de prueba*. En esta, solicitó un término final de cinco (5) días para contestar los interrogatorios pendientes, puesto que no había culminado el proceso de recopilar la información solicitada. El 14 de noviembre de 2022, el foro primario emitió y notificó *Orden,* concediendo el término peticionado como uno final.

Posteriormente, el 21 de agosto de 2023, la Recurrida presentó *Moción bajo la Regla 34 de Procedimiento Civil.* Por virtud de esta, realizó un recuento de todos los incumplimientos de la parte Peticionaria con los requerimientos del descubrimiento de prueba, a pesar de las órdenes emitidas por el foro primario. En vista de ello, solicitó lo siguiente:

a. Con relación al interrogatorio- que se eliminen las alegaciones de su contestación a la demanda
b. Con relación a la producción de documentos- que se ordene a producir la información solicitada
c. Con relación al requerimiento de admisiones- que se den por admitidos los mismos.

El 22 de agosto de 2023, el foro primario emitió y notificó *Orden* en la que le concedió un término final de diez (10) días a la parte Peticionaria, para exponer su posición a la solicitud de la Sra. Valderrama Figueroa.

En vista del incumplimiento del Peticionario, el 17 de octubre de 2023, la Recurrida presentó *Segunda moción bajo la Regla 34 de Procedimiento Civil.* Mediante esta, llamó a la atención del foro primario de que había transcurrido más de un (1) año sin que se contestaran los interrogatorios ni los requerimientos de producción de documentos, a pesar de las órdenes emitidas por el foro primario.

Por lo cual, reiteró su solicitud de que se eliminaran las alegaciones a la parte Peticionaria.

Ante tal solicitud, el 17 de octubre de 2023, el foro *a quo* emitió y notificó la *Orden* recurrida, en la que declaró *Ha Lugar* la solicitud instada por la Recurrida. En consecuencia, se le eliminaron las alegaciones a la parte Peticionaria. En desacuerdo, el 27 de octubre de 2023, Tripoli Construction presentó *Solicitud de reconsideración de orden emitida y notificada el 17 de octubre de 2023*, la cual fue declarada *No Ha Lugar*, mediante *Orden* emitida y notificada el 28 de noviembre de 2023.

Inconforme aún, el 28 de diciembre de 2024, el Peticionario acudió ante esta Curia mediante *Escrito de Certiorari,* en el que le imputó al foro primario la comisión de los siguientes errores:

> Erró el Tribunal de Primera Instancia al emitir una orden eliminando las alegaciones sin dar cumplimiento al orden de prelación que establece la Regla 39.2 (a) de Procedimiento Civil, sin haber impuesto sanciones económicas, y sin apercibir directamente a la parte, y dar un término de, al menos 30 días para notificar las contestaciones al descubrimiento cursado.
>
> Erró el Tribunal de Primera Instancia al dar por admitido un requerimiento de admisiones que fue contestado dentro del término concedido mediante orden.
>
> Erró el Tribunal de Primera Instancia al emitir una orden bajo la Regla 34 de Procedimiento Civil sin haber la parte demandante certificado su cumplimiento con la Regla 34.1 de Procedimiento Civil en su solicitud de orden.

El 12 de enero de 2024, esta Curia emitió *Resolución* en la que le concedió como término improrrogable hasta el 18 de enero de 2024 para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar la determinación impugnada. En cumplimiento con lo ordenado, el 18 de enero de 2024, la parte Recurrida presentó su escrito intitulado *Certiorari.*

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

## II.

### A. Certiorari

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari.* Véase, además, *Banco*

*Popular de Puerto Rico v. Gómez Alayón y otros*, 213 DPR __ (2023);

2023 TSPR 145, resuelto el 19 de diciembre de 2023. Estos criterios

son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una

forma de razonabilidad aplicada al discernimiento judicial para

llegar a una conclusión justiciera". *Mun. de Caguas v. JRO*

*Construction, supra,* págs. 712-713. No obstante, "[a]l denegar la

expedición de un recurso de *certiorari* en estos casos, el Tribunal de

Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V,

R. 52.1.

### *B. Eliminación de las alegaciones*

Las Reglas de Procedimiento Civil deben interpretarse de modo

que faciliten el acceso a los tribunales, garantizando la solución

justa, rápida y económica de los procedimientos. Regla 1 de

Procedimiento Civil, 32 LPRA Ap. V., R. 1. En nuestro ordenamiento

jurídico, el cual es adversativo y rogado, "las partes tienen el deber

de ser diligentes y proactivos al realizar trámites procesales."

*Sánchez Rodríguez v. Adm. de Corrección*, 177 DPR 714, 719 (2009).

Aunque se favorece que los casos se adjudiquen en sus méritos,

"esto no significa que una parte adquiera el derecho a que su caso

tenga vida eterna en los tribunales manteniendo a la otra parte en un estado de incertidumbre, sin más excusa para su falta de diligencia e interés en la tramitación del mismo que una escueta referencia a circunstancias especiales." *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 221-222 (2001); *Rivera et al. v. Superior Pkg., Inc. et al,* 132 DPR 115, 124 (1992). Por lo cual, el tribunal tiene la autoridad de sancionar a aquellos litigantes que dilatan innecesariamente los procedimientos. *Sánchez Rodríguez v. Adm. de Corrección,* supra, pág. 720.

A la luz de dicha facultad delegada a los tribunales, nuestro Máximo Foro ha definido el concepto sanción como "un mecanismo procesal que permite a los tribunales imponer su jurisdicción, autoridad y pronunciamientos." *Mitsubishi Motors Sales of Caribbean, Inc. v. Lunor, Inc. y otros*, 212 DPR ___ (2023), 2023 TSPR 110, resuelto el 12 de septiembre de 2023, citando a *In re Collazo I,* 159 DPR 141, 150 (2003). Su propósito es incitar a una parte a que responda con prontitud "con el fin de alcanzar la solución justa, rápida y económica de los casos y que las controversias se puedan atender en los méritos". *Íd*, citando a *Valentín v. Mun. de Añasco,* 145 DPR 887, 896 (1998). "En ese sentido, el poder inherente de los tribunales para imponer sanciones permite la flexibilidad para escoger la sanción y ajustarla a los hechos, a la causa de acción de que se trate y al propósito que se persigue." *Íd*, citando a *Pagán Rodríguez v. Rivera Schatz,* 206 DPR 277, 288 (2021).

La Regla 34 de Procedimiento Civil, *supra,* R.34, establece el procedimiento que deben cumplir las partes, así como le tribunal, cuando surgen controversias relacionadas al descubrimiento de prueba. A su vez, postula las consecuencias de que una parte se rehúse a cumplir con una orden del tribunal de instancia al respecto. En particular, la Regla 34.1 de Procedimiento Civil, *supra,* dispone lo siguiente:

Cuando surja una controversia en torno al descubrimiento de prueba, el tribunal sólo considerará las mociones que contengan una certificación de la parte promovente en la que indique al tribunal en forma particularizada que ha realizado esfuerzos razonables, con prontitud y de buena fe, para tratar de llegar a un acuerdo con el abogado de la parte adversa para resolver los asuntos que se plantean en la moción y que éstos han resultado infructuosos.

A su vez, la Regla 34.3 de Procedimiento Civil, *supra,* R. 34.3, regula las consecuencias a las partes que se niegan a obedecer con las órdenes del tribunal. En lo pertinente, el inciso (b)(3) de la precitada regla, dispone lo siguiente:

(b) Otras consecuencias. Si una parte o un funcionario o agente administrador de una parte, o una persona designada para testificar a su nombre según disponen las Reglas 27.6 ó 28, deja de cumplir una orden para llevar a cabo o permitir el descubrimiento de prueba, incluyendo una orden bajo las Reglas 32 y 34.2, el tribunal podrá dictar, con relación a la negativa, todas aquellas órdenes que sean justas; entre ellas las siguientes:

(1) [...].

(2) [...].

(3) **Una orden para eliminar alegaciones o parte de ellas**, o para suspender todos los procedimientos posteriores hasta que la orden sea acatada, para desestimar el pleito o procedimiento, o cualquier parte de ellos, o para dictar una sentencia en rebeldía contra la parte que incumpla. Regla 34.3(b)(3) de Procedimiento Civil, *supra,* R. 34.3(b)(3). (Énfasis nuestro).

La referida regla establece que el tribunal puede emitir una sanción en la que elimine total o parcialmente las alegaciones. En cuanto a dicha sanción, el Tribunal Supremo ha resuelto que la eliminación de las alegaciones, así como la anotación de rebeldía son los castigos más severos para una parte que declina obedecer con una orden del tribunal en el descubrimiento de prueba. *Mitsubishi Motors Sales of Caribbean, Inc. v. Lunor, Inc. y otros, supra; HRS Erase, Inc. v. Centro Médico del Turabo, Inc.,* 205 DPR 689 (2020). Es por ello, que la imposición de sanciones "siempre se deben dar dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción". *Rodríguez Figueroa v. Joe's European Shop,* 183 DPR 580, 590 (2011).

Antes de decretarse una desestimación de una causa de acción o que se eliminen las alegaciones, el foro primario **tiene** que ejecutar el orden de prelación que establece la Regla 39.2 (a) de Procedimiento Civil, *supra,* R.39.2(a).[4] *Mitsubishi Motors Sales of Caribbean, Inc. v. Lunor, Inc. y otros, supra.*

Sobre ello, nuestro máximo foro expresó lo siguiente:

> Primero, el tribunal tiene que apercibir de la situación a la representación legal de la parte y concederle la oportunidad para responder. Si el representante legal no responde al apercibimiento, el tribunal le impondrá sanciones y le notificará directamente a la parte sobre el asunto. Una vez que la parte haya sido informada o apercibida de la situación y de las consecuencias que el incumplimiento conlleva, deberá corregirla dentro del término que el tribunal de instancia le conceda. El plazo conferido será razonable y, salvo que las circunstancias del caso lo justifiquen, no será menor de treinta días. Si la parte no toma acción correctiva al respecto "nunca se podrá querellar, ante ningún foro, de que se le despojó injustificadamente de su causa de acción y/o defensas." Cumplido este trámite, el tribunal se encontrará en posición para imponer la sanción que corresponda. (Citas omitidas).

Una desestimación al amparo del inciso (a) de la Regla 39.2 de Procedimiento Civil, *supra,* "es la muerte procesal del pleito". *Mitsubishi Motors Sales of Caribbean, Inc. v. Lunor, Inc. y otros*, *supra.* Siendo así, la supresión total de las alegaciones torna ineficaz

---

[4] La aludida Regla dispone lo siguiente:

> (a) Si el demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado podrá decretar la desestimación del pleito o de cualquier reclamación contra él, o la eliminación de las alegaciones, según corresponda.

> Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al Reglas de Procedimiento Civil de Puerto Rico 62 abogado o la abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que ésta no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación, que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.

la contestación a la demanda y esta no puede ser utilizada en el juicio ni el tribunal la puede tomar en cuenta. *Íd,* citando a *Polo v. Domínguez, Juez de Distrito,* 15 DPR 609 (1909).

El efecto es que la parte quedó privada de su día en corte para establecer la legitimidad y el mérito de sus defensas. *Íd,* citando a *Acevedo v. Compañía Telefónica de Puerto Rico,* 102 DPR 787 (1974). Tal es así, que la eliminación total de las alegaciones, al igual que la desestimación, debe prevalecer únicamente en situaciones extremas, como las siguientes: una conducta indiscutiblemente irresponsable, irreverente, desafiante, negligente, contumaz que la parte contra la cual se ordena la ejecute de manera reiterada y continua; todo porque esta opto por incumplir de manera intencional y de mala fe con una orden del tribunal para descubrir prueba. *Íd.* En vista de que la supresión total de las alegaciones conlleva la sanción de la sentencia en rebeldía, "los tribunales apelativos estamos llamados a inclinarnos a decretar las consecuencias de la rebeldía cuando el tribunal de instancia ordena la eliminación de todas las alegaciones, específicamente si la sanción fue producto de la conducta malintencionada de la parte demandada de no descubrir prueba". *Íd.*

### III.

En el presente recurso, la parte Peticionaria nos alega que abusó de discreción el foro primario al eliminarle las alegaciones. Señala que, de conformidad con las Reglas de Procedimiento Civil y su jurisprudencia aplicable, el foro *a quo* le eliminó las alegaciones sin cumplir con el orden de prelación establecido en la Regla 39.2 (a) de Procedimiento Civil, *supra.* Añade que la parte Recurrida no cumplió con la Regla 34.1 de Procedimiento Civil, *supra,* al no evidenciar los esfuerzos realizados para resolver las controversias relativas al descubrimiento de prueba.

Por su parte, la Sra. Valderrama Figueroa sostiene que el Peticionario tardó más de un (1) año en contestar el requerimiento de admisiones, pero aún no ha contestado los interrogatorios y el requerimiento de producción de documentos. Señala que en ningún momento se solicitó que se dieran por admitidos el requerimiento de admisiones ya contestados. Arguye los incumplimientos con el descubrimiento de prueba por parte del Peticionario era dilatar los procedimientos.

Según expusimos, cuando una parte incumple con las órdenes del tribunal, está sujeta a la imposición de sanciones. A esos fines, la Regla 34.3 de Procedimiento Civil, *supra,* faculta al foro primario a emitir sanciones, tales como la eliminación total o parcial de las alegaciones. No obstante, nuestro ordenamiento requiere que, antes de emitir una sanción tan severa como lo es la eliminación de las alegaciones, el foro primario tiene que ejecutar el orden de prelación que establece la Regla 39.2 (a) de Procedimiento Civil, *supra,* esto es:

> Primero, el tribunal tiene que apercibir de la situación a la representación legal de la parte y concederle la oportunidad para responder. Si el representante legal no responde al apercibimiento, el tribunal le impondrá sanciones y le notificará directamente a la parte sobre el asunto. Una vez que la parte haya sido informada o apercibida de la situación y de las consecuencias que el incumplimiento conlleva, deberá corregirla dentro del término que el tribunal de instancia le conceda. El plazo conferido será razonable y, salvo que las circunstancias del caso lo justifiquen, no será menor de treinta días. Si la parte no toma acción correctiva al respecto "nunca se podrá querellar, ante ningún foro, de que se le despojó injustificadamente de su causa de acción y/o defensas." Cumplido este trámite, el tribunal se encontrará en posición para imponer la sanción que corresponda. *Mitsubishi Motors Sales of Caribbean, Inc. v. Lunor, Inc. y otros, supra.*

Como bien nos alega la parte aquí Peticionaria, en el presente caso el foro primario no cumplió con el orden de prelación establecido en la Regla 39.2 (a) de Procedimiento Civil, *supra,* antes de imponer la severa sanción de la eliminación de las alegaciones a

dicha parte. Aun cuando quedó demostrado que el Peticionario ha incumplido con los términos provistos por el foro *a quo* para completar los requerimientos sobre el descubrimiento de prueba cursado por la parte Recurrida, no avistamos en el expediente justificación suficiente para la eliminación de las alegaciones **en esta etapa.**

El efecto de la eliminación de las alegaciones es la muerte procesal de pleito. Por tal razón, es un requisito **mandatorio** del foro primario cumplir con la Regla 39.2 (a) de Procedimiento Civil, *supra,* antes de dictar una sanción tan extrema. Ello no significa que la parte Peticionaria tiene carta abierta para incumplir con las órdenes emitidas, pues es deber de los litigantes ser diligentes y proactivos al tramitar los casos. Véase *Sánchez Rodríguez v. Adm. de Corrección, supra.* Aunque reconocemos que los foros apelativos "estamos llamados a inclinarnos a decretar las consecuencias de la rebeldía cuando el tribunal ordena la eliminación de las alegaciones", estas deben darse en el marco de lo que es justo, "y la ausencia de tal justicia equivaldría a un abuso de discreción". Véase *Mitsubishi Motors Sales of Caribbean, Inc. v. Lunor, Inc. y otros, supra.*

En el caso de autos, la Recurrida presentó en dos ocasiones mociones al amparo de la Regla 34 de Procedimiento Civil, *supra,* en las que solicitó que se le impusiera al Peticionario la sanción de la eliminación de las alegaciones, ante los incumplimientos con las órdenes del tribunal. Sin embargo, el expediente demuestra que el foro primario le eliminó las alegaciones, sin haber notificado a la parte de los incumplimientos del representante legal y de los apercibimientos de los términos finales concedidos para contestar los requerimientos del descubrimiento de prueba. Tampoco surge del expediente que el foro primario impuso sanciones económicas o cualquier otra medida correctiva antes de imponer la sanción de la

eliminación de las alegaciones. Por tales razones, somos del criterio que erró el foro primario al decretar la eliminación de las alegaciones a la parte Peticionaria. El foro primario deberá cumplir con lo requerido en la Regla 39.2 (a) de Procedimiento Civil, *supra*, y solo si la parte Peticionaria no tomara acción correctiva al respecto, procederá la sanción de la eliminación de las alegaciones.

## IV.

Por lo fundamentos antes expuestos, **expedimos** el auto de *certiorari* y **revocamos** la *Resolución* recurrida. En consecuencia, devolvemos el caso al foro primario para la continuación de los procedimientos de conformidad con lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones