Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| CHARLENE A. GREENE RODRÍGUEZ<br><br>Apelante<br><br>v.<br><br>DEPARTAMENTO DE EDUCACIÓN DEPARTAMENTO DE JUSTICIA<br><br>Apelado | KLAN202400070 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br>Caso Núm. AG2020CV01011<br><br>Sobre: Petición de Orden |

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Grana Martínez y el Juez Adames Soto.

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de abril de 2024.

I.

El 18 de noviembre de 2020 la Sra. Charlene A. Greene Rodríguez, presentó *Moción por Propio Derecho* contra el Departamento de Educación de Puerto Rico (DE). En dicha *Moción* solicitó que el caso presentado ante la Oficina de Apelaciones del Sistema de Educación (OASE) fuese transferido al Tribunal de Primera Instancia. Arguyó que fue sumariada de su trabajo sin mediar infracción alguna y que desde que su caso fue presentado en el año 2015, la OASE había suspendido las vistas señaladas, dejando de atender su caso.

El 8 de marzo de 2021, notificada el 9, el Tribunal de Primera Instancia emitió *Sentencia* en la cual desestimó con perjuicio el caso instado por la señora Greene Rodríguez. El Foro primario entendió que carecía de jurisdicción para atender el asunto por ser las decisiones finales de la OASE revisables ante el Tribunal de Apelaciones.

Número Identificador

SEN2024_____

El 8 de abril de 2021, la señora Greene Rodríguez presentó un recurso de *Apelación Civil* ante este Foro intermedio, solicitando la revocación de la *Sentencia* emitida por el Foro primario. El 17 de agosto de 2021, un Panel hermano emitió *Sentencia*, confirmando la *Sentencia* apelada. Basó su decisión en falta de jurisdicción por insuficiencia en los emplazamientos.

Inconforme, el 3 de septiembre de 2021, la señora Greene Rodríguez presentó *Moción Urgente por Error en Sentencia*, la cual fue acogida por este Foro como una solicitud de reconsideración. El 17 de septiembre de 2021, notificada el 24, el aludido Panel hermano, emitió *Sentencia en Reconsideración,* dejando sin efecto su *Sentencia* del 17 de agosto de 2021 y revocando la *Sentencia* dictada por el Tribunal de Primera Instancia el 8 de marzo de 2021. Basaron su decisión en que el 25 de enero de 2021, la señora Greene Rodríguez había presentado una nueva solicitud de emplazamiento dirigida al Departamento de Justicia y que dicha solicitud no había sido atendida por el Tribunal de Primera Instancia. Finalmente, devolvió el caso al Foro primario y le ordenó a atender la solicitud del emplazamiento dirigido al Departamento de Justicia.

Así las cosas, el 17 de diciembre de 2021, la señora Greene Rodríguez presentó *Moción Sobre Diligenciamiento Sobre Emplazamientos* acreditando haber cumplido con el emplazamiento al DE y al Departamento de Justicia y el caso continuó con sus señalamientos.

Luego de un extenso trámite procesal, el 25 de agosto de 2022 se celebró vista para conocer el estado de los procedimientos. En dicha vista el Tribunal de Primera Instancia cuestionó sobre el estado del descubrimiento de prueba y ante las respuestas de las partes, decidió transferir la vista para el 17 de octubre de 2022. Además, le explicó a la señora Greene Rodríguez sobre la importancia de estar representada legalmente para estos

procedimientos de descubrimiento de prueba y le ordenó a comparecer para la próxima vista representada por un abogado y de no hacerlo, se le impondría sanción.

El 17 de octubre de 2022, por la señora Greene Rodríguez comparecer sin representación legal, el Tribunal le impuso sanción de veinte dólares ($20.00) y le advirtió sobre la posible desestimación del caso, por la interrupción de los procedimientos, demoras y por el derecho que tiene la parte demandada a solicitar descubrimiento de prueba. Añadió que el caso se encontraba detenido por el incumplimiento de la señora Greene Rodríguez con las órdenes del Tribunal.

El 18 de noviembre de 2022, se celebró la Vista sobre el Estado de los Procedimientos y surge de la *Minuta* que el Tribunal hizo referencia a que en el comienzo del caso se le indicó a la señora Greene Rodríguez que esta se podía representar por derecho propio, pero que en el transcurso del caso el Tribunal se había percatado de que los asuntos procesales y técnicos del derecho no son dominados por la señora Greene Rodríguez. Por lo que, estableció que, habiendo sido apercibida sobre la sanción, luego como segundo apercibimiento impusieron la sanción y en dicha vista, como un tercer apercibimiento, se eliminaron las alegaciones de la *Demanda.* Finalmente, señaló vista para el 13 de diciembre de 2022 y fue advertida que de no contratar representación legal para la misma se desestimaría la *Demanda* sin perjuicio.

Según surge de la *Minuta* de la vista celebrada el 13 de diciembre de 2022, el Tribunal *a quo* decidió desestimar la *Demanda* conforme a la Regla 39 de Procedimiento Civil debido a que la señora Greene Rodríguez compareció sin representante legal. El 12 de enero de 2024, el Foro primario emitió la *Sentencia* desestimatoria de la *Demanda,* sin perjuicio. Inconforme con dicha determinación, el 19 de enero de 2024 la señora Greene Rodríguez acudió ante nos

mediante *Apelación Civil*. Solicitó que revocáramos dicho dictamen por no haber recibido notificaciones ni órdenes firmadas por el juez.

El 5 de febrero de 2024, ordenamos al Departamento de Educación a fijar su oposición dentro del término de treinta (30) días. El 20 de febrero de 2024 el Departamento de Educación presentó *Alegato del Estado*. En su escrito nos pide que desestimemos el recurso por incumplir con un apéndice con los documentos necesarios o en la alternativa, que se confirme el dictamen apelado. Con el beneficio de la comparecencia de las partes, el expediente judicial, el derecho y jurisprudencia aplicables, resolvemos.

## II.

Nuestro ordenamiento procesal civil, dispone varios supuestos en los cuales una parte puede solicitar la desestimación de una acción en su contra antes de presentar la contestación a la demanda.[1] Entre estos, se encuentra la norma contenida en la Regla 39.2 de Procedimiento Civil, que permite la desestimación de pleitos a iniciativa del Tribunal o a solicitud de la parte demandada, en casos en que se incumpla con la Regla o cualquier orden del Tribunal; cuando se deja de proseguir el caso; o cuando no se presenta prueba que justifique la concesión de un remedio.[2] La facultad del tribunal de declarar con lugar una moción de desestimación es estrictamente discrecional y debe ser ejercitada después de sereno y cuidadoso escrutinio de la prueba.[3]

De manera que, si el demandante dejare de cumplir con las reglas o con cualquier orden, el tribunal, a iniciativa propia o a solicitud del demandado, podrá decretar la desestimación del pleito, de cualquier reclamación contra él o la eliminación de las

---

[1] Véase, R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, 5ta. Ed., San Juan, Michie de Puerto Rico, 2010, sec. 3901, págs. 266-267.
[2] Véase, Regla 39.2 de las de Procedimiento Civil, 32 LPRA. Ap. V, R. 39.2.
[3] Véase, *Mejías et al.* v. *Carrasquillo et al.*, 185 DPR 288, 298 (2012); *Díaz* v. *Tribunal Superior,* 93 DPR 79, 83 (1966).

alegaciones.[4] El poder discrecional de desestimar una demanda se debe **ejercer juiciosa y apropiadamente, y sólo debe hacerse en casos en que no haya duda de la irresponsabilidad y contumacia de la parte contra quien se toman las medidas drásticas**.[5]

Sobre el efecto jurídico de no cumplir con la Regla u órdenes del tribunal, la Regla 39.2(a) dispone:

> Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. [...].[6]

En otras palabras, si la acción disciplinaria contra el abogado o abogada no surte efectos positivos, procederá la imposición severa de la desestimación de la demanda o eliminación de las alegaciones únicamente después que la parte haya sido propiamente informada y apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida.[7] De este modo, la desestimación de un pleito, sin ir a sus méritos como medio de sanción, debe ser el último recurso a utilizarse después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia y en todo caso, no debería procederse a ella sin un previo apercibimiento.[8]

En fin, es principio claro que tal poder discrecional de desestimar una demanda se debe ejercer juiciosa y apropiadamente. La desestimación de un caso como sanción, debe prevalecer únicamente en situaciones extremas, en las cuales haya quedado

---

[4] 32 LPRA Ap. V, R. 39.2(a).
[5] *Acevedo* v. *Compañía Telefónica de P.R.*, 102 DPR 787, 791 (1974).
[6] 32 LPRA Ap. V, R. 39.2(a).
[7] *Maldonado* v. *Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982).
[8] *Ramírez de Arellano* v. *Srio. de Hacienda*, 85 DPR 823, 829-830 (1962).

demostrado de manera clara e inequívoca la desatención y el abandono total de la parte con interés y luego que otras sanciones hayan probado ser ineficaces en la administración de la justicia y, en todo caso, no debe decretarse la misma sin un previo apercibimiento.[9]

### III.

En su *Apelación Civil,* la señora Greene Rodríguez sostiene que incidió el foro primario al desestimar sin perjuicio su *Demanda,* al basarse en que incumplió ciertas órdenes o minutas debidamente firmadas por el Juez que no les fueron notificadas. Ello, así, no se podía establecer que había incumplido con estas. Veamos la validez de su reclamo.

Ciertamente, el Tribunal de Primera Instancia le dirigió ciertas órdenes[10] a la señora Greene Rodríguez que esta incumplió. A raíz de ello, dicho Tribunal observó el procedimiento de disciplina escalonada o progresivo establecido en la Regla 39.2 de Procedimiento Civil y la jurisprudencia interpretativa. Surge del expediente ante nos que, el **29 de abril de 2022** el Foro primario **instruyó a la señora Greene Rodríguez sobre la importancia de cumplir con los procesos y órdenes del tribunal**. El **24 de agosto de 2022**, le **ordenó a contratar un representante legal**, debido a que estaba obstaculizando y demorando el proceso de descubrimiento de prueba. El **17 de octubre de 2022**, se celebró vista en la que el Tribunal **impuso una sanción económica** a la señora Greene Rodríguez por comparecer nuevamente sin representación. El **18 de noviembre de 2022**, por comparecer nuevamente sin representación legal **se eliminaron las alegaciones**. Ante un cuarto incumplimiento, el **13 de diciembre**

---

[9] *Pueblo* v. *Rivera Toro,* 173 DPR 137, 146 (2008).
[10] No está planteado ante nos, si, la exigencia del Tribunal de Primera Instancia en que la parte contratara representación legal excedió los parámetros de su discreción judicial.

**de 2022** el Foro *a quo* decidió **desestimar sin perjuicio el caso.** La señora Greene Rodríguez fue advertida en varias instancias sobre la posibilidad de la desestimación del caso si no cumplía con las exigencias del Tribunal. En otras palabras, se llevaron a cabo los apercibimientos de incumplimiento y de desestimación a la parte, que requiere la norma procesal como primeros pasos antes de la desestimación. Aun así, la señora Greene Rodríguez no cumplió con las órdenes y continuó sin representación legal.

IV.

Por los fundamentos previamente expuestos, se *confirma* la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Jueza Grana Martínez concurre si opinión escrita.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones